# McAllister-Coman Co. *v.* Matthews, et al.

## Assumpsit.

(Decided April 18, 1907.  43 So. Rep. 747.)

1. *Pleading; Plea to Amended Complaint; Sufficiency.*—The original complaint contained three counts, on open account, account stated, and merchandise sold; a fourth count was added claiming for goods sold under special contract. The plea purporting to answer the entire compalint referred to the claim as the account sued on. Held, a sufficient answer to the count based on the special contract as it clearly refers to the same transaction.

2. *Same; Form and Allegation; Conclusion.*—A plea setting up that the goods delivered were of a kind different from that which the person agreed to purchase and were of little value, to-wit, $10.00, states a conclusion merely and is insufficient.

3. *Sales; Action for Price; Plea.*—A plea which does not set out the contract in words or by reference but alleges that the plaintiff agreed to furnish a show case but did not ship it with the goods, is demurrable for failing to allege that the show case was not furnished or that plaintiff had failed or refused to furnish it.

4. *Evidence; Opinion Evidence; Qualification; Value.*—Where a witness is not shown to have any knowledge in regard to the character, quality and value of the goods, he was incompetent to testify as to the quality and value of such goods.

APPEAL from Lowndes Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by the McAllister-Coman Company against Charles J. Matthews and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

This is an action for goods sold. The first three counts sufficiently appear in the opinion of the court. The fourth count is as follows: "The plaintiff claims of the defendants the further sum of $300, due for goods sold by plaintiff to defendants under the terms of a written order in words and figures as follows: 'McAllister-Coman Co., Chicago, Ill., please ship me at your earliest · convenience the assortment of goods described hereon on‚ the following terms and conditions, goods warranted for seven years. Warranty: Any article in this assortment which fails to give reasonable satisfaction to the wearer may be returned to us any time within seven years from date of invoice, and we will either refund the purchase price or furnish a new article in its place free of charge. Exchange privilege: After this assortment has been properly displayed for three months, the purchaser may return any article which are not selling readily and exchange them for any other article of jewelry in our stock, provided said goods are returned to us within twelve months from the date of invoice. Unsold goods returnable. Sales guaranteed. At the end of one year from the date of shipment, we agree to buy back for cash, at purchase price, all goods remaining unsold from this assortment, provided purchaser has not sold three-fourths of the original assortment. In consideration of this agreement, the purchaser to keep the goods properly displayed for one year from date of invoice, and to offer them for sale continually during that time at a profit not to exceed 100 per · cent. on the purchase price. Purchaser further agrees to send us every two months, between the 1st and the 10th of the month, by registered mail, an itemized list of the goods remaining on hand from the assortment, so that, if they are not moving as rapidly as they should, we can assist him in accelerating the sale of them to the mutual advantage of both parties.. If the purchaser is satisfied with the sale, he may omit the bi-monthly report without voiding any other portions of

this contract, except this clause. Advertising plan: Free to purchaser. We agree to furnish the purchaser of this assortment 25 pair of gold-filled, hand-engraved cuff buttons and 25 gold-filled brooches, on condition that the purchaser send us within fifteen days from date of shipment of this order a list of names of fifty people in this town or vicinity. We will mail to each of these fifty people an appropriate letter containing an order on the purchaser for one of the brooches or a pair of the buttons, said order to be good when the holder has purchased five dollars' worth of any kind of merchandise from the purchaser. Watch contest: We agree to furnish the purchaser of this assortment one ladies' or gentlemen's ten year gold-filled watch, fitted with nickle damaskened American 7 jewel movement and a sufficient number of twenty-five cent coupons to run the same off on our watch contest plan. Terms of settlement: The amount of this order is payable in six equal installments, due in 4, 6, 8, 10, 11, and 12 months from date of shipment, provided purchaser sends us within ten days from date of shipment his six acceptances for amounts and time of above payments, payable to our order at Chicago, Ill. If acceptances are not sent as above, this is to be a cash transaction. A discount of six per cent. will be allowed cash in ten days from the date of invoice. Important notice: In consideration of the liberal terms herein granted to the purchaser, he agrees that this order shall not be subject to countermand and that all of the terms and conditions governing this transaction are contained herein. The salesman is not authorized to vary the terms of sale or the conditions, unless said variations are written on the face of the order. All privileges herein granted are conditioned on the terms of sale being complied with on or before maturity. Jewelry is shipped by express from Chicago. Showcase is shipped by freight from Chicago or from the factory. Goods are delivered to the purchaser by delivering them to the transportation company; seller to pay transportation charges. It is agreed that the list of goods herein shows what is to constitute this assortment. All goods and showcase delivered. (Signed) Matthews Bros.'" Then follows the list

of articles purchased. It is alleged that the goods spec-ified were delivered by plaintiff to a transportation com-pany, to be delivered to defendants, and that the de-fendants have failed and refused to comply with the provisions of said order, in that they have refused to execute and send to plaintiff the acceptances for the amount of said order as specified therein, and have fail-ed and refused to pay for the said goods.

The defendants pleaded the general issue, failure of consideration, and the following pleas: "(3) And for further answer to the complaint, and separately to each count thereof, these defendants say that the considera-tion of the account sued on was an assortment of jef-elry, which defendants agreed to purchase from plain-tiff, and which plaintiff agreed to sell defendants; and defendants allege that the plaintiff never delivered to the defendants the assortment of jewelry which it had agreed to sell defendants, but instead thereof delivered to defendants an assortment of jewelry of a different kind from that which defendants had agreed to pur-chase (and the same being of very little value, to wit, about $10), and when defendants found that said jew-elry was different from that which they had agreed to purchase, they declined to accept the same. (4) For further answer to the complaint, and separately to each count thereof, these defendants say that the alleged debt, the foundation of this suit, is based upon an ac-count, which was for a lot of jewelry, and as a part of the contract the plaintiff agreed to furnish the defend-ants a showcase, and, relying upon such promises, the defendants agreed to purchase said jewelry, the foun-dation of this suit, and that when the plaintiffs shipped defendants said jewelry it failed to furnish said show-case, and defendants thereupon returned to plaintiff all of the jewelry purchased from plaintiff, which jew-elry plaintiff is now endeavoring to make defendants pay for."

Several grounds of demurrer were interposed to said plea: "(1) Because said plea sets up a contract of sale completely executed by plaintiff, and does not allege any facts sufficient to justify a rescission of the sale, and

[McAllister-Coman Co. v. Matthews, et al.]

the refusal of the vendee to accept the goods. (2) Said plea fails to allege how or in what manner the jewelry delivered differed from that alleged to have been purchased. (3) Said plea is no answer to the fourth count of the complaint, for that said account sets up a special contract." Demurrers were also filed to the fourth plea, raising the issues that it sets up a breach of the special contract, but fails to set out the terms of the contract, and because said plea shows on its face that plaintiff was not allowed a reasonable time within which to comply with all the terms of the contract, and said plea does not set out facts sufficient to show that the agreement to furnish the showcase was a condition of the contract, the breach of which would authorize defendants to rescind the contract. There were other pleadings not necessary to be here set out. There was verdict and judgment for defendants, and plaintiff appeals.

McGaugh & Houghton, for appellant.—Pleas 3 by purporting to answer the whole complaint was not an answer to the 4th count thereof and the demurrer should have been sustained to it.—*Werth v. Montgomery Land Co.*, 89 Ala. 374; *Newsome v. Huey*, 36 Ala. 37; *Smith v. Dix*, 95 Ala. 311. The allegations of the 3rd plea were mere conclusions of the pleader.—*Ala. Jail Co. v. Marion County*, 40 So. Rep. 100; *Alabama Fair Asso. v. Alabam Gas Co.*, 131 Ala. 256; *Stewart v. Hargrove*, 23 Ala. 429. The court erred in overruling the demurrers to the 4th plea.—*Dalton v. Bunn*, 137 Ala. 175; *Equitable Mfg. Co. v. Howard*, 140 Ala. 253. The plea could and may have been supported by proof short of what was necessary to show a rescission.—*Keystone Mfg. Co. v. Hampton*, 141 Ala. 415; *Fullenwider v. Rowan*, 136 Ala. 281. The court erred in sustaining demurrers to replications 2, 3 and 4 to the 3rd plea and replication 4 to the 4th plea.—*Gillespie v. Battle*, 15 Ala. 276; *Thompson v. Lee*, 31 Ala. 292; *Kirkpatrick v. Henson*, 81 Ala. 464; *Brigman v. Carlisle*, 78 Ala. 243; *Anderson v. Tucker*, 127 Ala. 602. The 2nd proposition set up by the replication is sustained by the case of *Ohio Rail-*

*way Company v. McCarthy,* 96 U.' S. 258; *Littlejohn v. Shaw,* 159 N. Y. 188. An estoppel may be set up by replication.—*Jones v. Peebles,* 130 Ala. 269; *Winter v. Mobile Bank,* 54 Ala. 102; *Lee v. DeBardeleben Co.,* 102 Ala. 628.

POWELL & HAMILTON, for appellee.—The suit was against the individual and not against the firm.—*McKissack v. Witz, et al.,* 120 Ala. 414; *Williams v. Hurley,* 135 Ala. 319. The contract sued on was executed by the firm of Matthews Bros. Plaintiff clearly got the benefit of all matters of estoppel under the general replication and the sustaining of demurrers to the special replication was harmless.—*Rogers v. Brazzel,* 34 Ala. 530; *Kennedy v. Lambert,* 37 Ala. 57; *Fall v. McArthur,* 31 Ala. 26. Even if the objection to the evidence was properly taken no motion was made to exclude the answer.—*Insurance Co. v. Tillis,* 110 Ala. 201; *McCalman v. The State,* 96 Ala. 98; *Bailey v. Railroad Co.,* 112 Ala. 177.

SIMPSON, J.—The original complaint in this case (by appellant against appellees) contained three counts, for account, account stated, and merchandise sold respectively. Count 4 was added by amendment, claiming for goods sold under the special agreement, which is set out in said count (and appears in the statement of this case, omitting the list of goods.)

The first assignment of error insisted on is that the court erred in overruling the demurrer to the third plea, and the first ground on which it is claimed that there was error is that said plea purports to answer the entire complaint, and that this is no answer to the fourth count of the complaint, which is not based upon an account, but sets up a special contract. Said count claims for "goods sold by the plaintiff" under the terms of the written order, and, while the plea refers to it as the "account sued on," yet the reference is so clearly to the same transaction and the same order, referred to in the count, that it cannot be said that it is no answer to it.

[Walker v. Winn.]

The next ground insisted on is well assigned, towit, that the allegation in the plea that the jewelry delivered was of a different kind fiom that which defendants had agreed to purchase, the same being of very little value, to-wit, $10, was the mere conclusion of the pleader. Consequently the court erred in overruling the demurrer to said plea.—*Ala. Jail & Bridge Co. v. Marion County,* 40 South. 100; *Ala. State Fair, etc., v. Ala. Gas, etc., Co.,* 131 Ala. 257, 261, 31 South. 26; *Stewart & Fountain v. Hargrove,* 23 Ala. 430, 436; *Carmelich v. Mims,* 88 Ala. 335, 6 South. 913.

The demurrer to the fourth plea should have been sustained. Said plea does not set out the contract, either in woids or by reference, nor does it allege that the showcase was not furnished, nor that the plaintiff had failed or refused to furnish it, but only that the plaintiff failed to ship it with the jewelry.

Referring to assignments 7 to 13, the witness was not shown to have any knowledge in regard to the character, quality, and value of the goods testified about. On the contrary, he is shown by his own testimony not to have any such knowledge. Hence it was error to allow him to testify as to the quality and value of the goods. —12 Am. & Eng. Ency. Law, pp. 424, 479, note 11; 17 Cyc. 112.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.