# McAllister-Coman Co. *v.* Matthews, *et al.*

## *Assumpsit.*

(Decided April 21, 1910.  52 South. 416.)

1. *Appeal and Error; Review; Matters Not Shown in Record.*— This court cannot review on appeal the action of the trial court in overruling demurrers to an amended plea where the amendment is not shown in the record.

2. *Sales; Rescission; Failure to Fully Perform.*—In a sale of jewelry the failure of the seller to deliver a show case the very moment or day or hour the jewelry is delivered is not of itself sufficient to warrant a rescission of the sale unless a provision or stipulation to that effect is contained in the contract.

3. *Same; Action; Plea.*—Where the action was assumpsit for the sale of jewelry, a plea alleging that the debt sued on was based upon an account for a lot of jewelry, and as a part of the contract, plaintiff agreed to furnish defendant a show case, said contract being in writing, and being set out in one of the counts of the amended complaint, and that relying on such agreement, defendant agreed to purchase the jewelry, and that when plaintiff shipped the same, it failed to furnish the show case and defendants thereupon returned the jewelry to plaintiff who thereafter sent a show case which defendant refused to accept, does not show a rescission of the contract nor allege facts authorizing defendants to renounce it, and hence, was subject to demurrer.

4. *Contracts; Rescission; Grounds.*—A contract is made by the joint will of two parties, and can only be rescinded by their joint agreement. However, one party may so wrongfully repudiate it, as to authorize the other to renounce it, and refuse to be longer bound by it, as when such parties' acts and conduct evidence an intent to no longer be bound.

5. *Same.*—The fact that a given act or course of conduct of one party is inconsistent with the contract, is not of itself sufficient to authorize the other party to renounce it. Such acts to authorize rescission must be inconsistent with an intent to be longer bound by the contract. While every breach is inconsistent with the contract, yet every breach by one party does not authorize the other to renounce the contract in toto.

APPEAL from Lowndes Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Assumpsit by McAllister-Coman Company against Charles J. Mathews and others. From a judgment for defendants, plaintiff appeals. Reversed.

The fourth plea, as amended, is as follows: "The defendants say that the alleged debt, the foundation of this suit, is based upon an account which was for a lot of jewelry, and as a part of the contract the plaintiff agreed to furnish the defendants a showcase, said contract being in writing, and same being set out in the fourth count of the amended complaint; and, replying upon such, the defendants agreed to purchase said jewelry, the foundation of this suit, and that when the plaintiff shipped the defendants said jewelry, it failed

to furnish said showcase, and defendants thereupon returned plaintiff the jewelry shipped to defendants, and after defendants returned the jewelry to plaintiff that plaintiff then sent to defendants a showcase, which defendants declined to accept." The demurrers were the same as those set out in a former appeal of this case.

McGAUGH & HOUGHTON, for appellant. The court erred in overruling demurrers to the 3rd plea as amended.—*McAllister-Coman Co. v. Matthews,* 150 Ala. 167; *Ala. J. & B. Co. v. Marion County,* 40 South. 100; *Ala. State Fair v. Ala. Gas. Co.,* 131 Ala. 257; *Carmichael v. Mims,* 88 Ala. 335; *Stewart v. Hargrove,* 23 Ala. 430. The court erred in overruling demurrers to the 4th plea. —*Fulenwider v. Rowan,* 136 Ala. 287; *Equitable Mfg. Co. v. Howard,* 140 Ala. 252.

POWELL, HAMILTON & LANE, for appellee. The amendment to the 3rd plea is not shown in the record, and the court cannot review the trial court's rulings thereon. The court properly overruled demurrer to the 4th plea.—*McAllister-Coman Co. v. Matthews,* 150 Ala. 173.

MAYFIELD, J.—The only errors assigned are to the overruling of demurrers to pleas 3 and 4 as last amended. We cannot review the overruling of the demurrer to plea 3 as last amended, for the reason that the plea as last amended does not appear of record. By the judgment entry it is made to appear that demurrer was sustained to the plea as it here appears of record. The judgment entry shows that the plea was subsequently amended, and that the demurrer was thereafter overruled; but this last amendment is not shown, nor is the plea set out as last amended. So we cannot review this last ruling on plea 3.

Plea 4 was held bad on the former appeal of this case.—150 Ala. 173, 43 South. 747. We then said of this plea: "The demurrer to the fourth plea should have been sustained. Said plea does not set out the contract, either in words or by reference, nor does it allege that the showcase was not furnished, nor that the plaintiff had failed or refused to furnish it, but only that the plaintiff failed to ship it with the jewelry."

There was an attempt to amend this plea in accordance with the above decision; but the attempt is a failure. It does refer to the contract of sale which is set out in one count of the complaint; but it wholly fails to show any sufficient ground for a repudiation of the contract of sale by the defendant. It merely alleges that, when "the plaintiff shipped the defendant said jewelry, it failed to furnish said showcase." This, without more, is not sufficient to authorize a repudiation. No actual fraud, whatever, is alleged. A mere failure to deliver the showcase the very moment or day or hour the jewelry was delivered is not of itself sufficient to warrant a rescission, in the absence of a provision or stipulation to that effect. It does not appear that there was any refusal to deliver; but it affirmatively appears that it was subsequently delivered. It was not shown to be necessary that the jewelry and the showcase should arrive on the same day, or that the showcase should preced the jewelry. The demurrer should have been sustained to this plea as amended.

A contract is made by the joint will of two parties, and can only be rescinded by the joint will of the two parties; but one party may so wrongfully repudiate the contract as to authorize the other to renounce it and refuse to be longer bound thereby. This happens when the acts and conduct of one of the parties evinces an intention to no longer be bound by the contract. Merely

because a given act or course of conduct of one party to a contract is inconsistent with the contract is not sufficient; it must be inconsistent with the intention to be longer bound by it. Every breach of a contract is, of course, inconsistent with the contract; but every breach by one party does not authorize the other to renounce it in toto.

The plea, of course, did not show a rescission of the contract, nor did it allege facts which would authorize the defendant to renounce it, and hence it was insufficient, as before decided.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.