# National Chemical Company, *et al.*
# *v.* National Aniline & Chem. Co.

*Assumpsit.*

(Decided Nov. 30, 1911.  57 South. 114.)

1. *Sales; Contract; Delivery.*—Where a buyer orders goods f. o. b. cars at the seller's place of business, a delivery by the seller to the carrier f. o. b. cars for transportation and delivery to the buyer, is a constructive delivery to the buyer and the seller is not liable to the buyer for damages to the goods during transportation, or after their arrival at the point of destination.

2. *Same; Action for Price; Pleading.*—Where the action was on the common count for goods sold and delivered, a plea alleging a sale of goods under a guarantee of quality equal to goods previously sold, and which avers that the representations of the seller that the goods sold were of a certain quality, were false, and then sets forth the seller's knowledge of the purpose for which the goods were bought, and that they were unfit for such purpose, alleges merely conclusions of the pleader, or sets up matter not constituting an answer to the action declared on, and are, hence, demurrable.

3. *Same; Instruction.*—Where the evidence did not show that the buyer suffered any damages under his plea of set off a charge that the buyer was not entitled to any damages under such plea, was proper.

4. *Same.*—Where the action was for the price of goods sold, and the evidence showed a constructive delivery to the buyer by a delivery to a common carrier for transportation and delivery to the buyer, a charge asserting that if the goods were inferior in quality, the seller could not recover was misleading for failing to allege that the inferiority existed before or at the time of shipment.

5. *Appeal and Error; Harmless Error; Pleading.*—Where matters alleged in a special plea are available under the plea of the general issue, it was harmless error to sustain demurrers to such special plea.

6. *Charge of Court; Misleading Instructions; Necessity to Request Explanatory Charges.*—Where a charge states a correct proposition of law but is supposed to be misleading, the duty is on the adversary party to request an explanatory instruction before the court can be put in error for giving the misleading instruction.

7. *Same; Ignoring Evidence.*—Where the action was for the price of goods sold and there was evidence that the buyer retained the goods and promised to pay for them, a charge asserting that if the goods were inferior in quality, the seller could not recover, was properly refused as ignoring part of the evidence.

8. *Same.*—Where the action was for the price of goods sold and delivered, and the evidence was conflicting on the issue of the buyer's

promise to pay after receiving the goods, and on the question of whether the goods retained by the buyer were worthless, a charge authorizing a verdict for the buyer without regard to such evidence was properly refused.

9. *Same; Invading Province of Jury.*—A charge asserting that there was no evidence that the goods became defective between the time of delivery to the carrier, and the time of the delivery to the buyer, and that there was no evidence that the goods were damaged while being transported, not only invaded the province of the jury, but was a charge on the effect of evidence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by the National Aniline & Chemical Company against the National Chemical Company and others, a partnership. From a judgment for plaintiff, defendants appeal. Affirmed.

The action was on the common counts for goods sold and delivered. The pleas were the general issue, and certain special pleas, setting up that the defendants, prior to June 20, 1907, were engaged in the business of manufacturing medicine and various medical remedies, and have been engaged in manufacturing a medicine known as "Dr. Odell's Liver Medicine," and that senna was used by the defendants in the manufacture of said medicine, and they had theretofore purchased senna from said plaintiff, and had bought a lot which was shipped to defendants on or about April 11, 1907, which they aver they used in and about compounding said medicine, and that it was well adapted for that purpose. The plea then sets out a letter written by appellee to appellants on June 20, 1907, offering 1,000 pounds of similar senna, quality equal to a lot shipped April 11th. Plea avers and sets out a letter in answer to same, ordering said senna shipped at once, if equal to the last lot shipped. Then follows an averment that in and by said letter appellee guaranteed to appellants or warranted the senna to be equal to that shipped on April 11th, and set up that said representations

were false and fraudulent, and set forth the reasons why this was so. The plea also sets up plaintiff's knowledge of the purpose for which it was bought, and that it was wholly unfit and unsuited for such purpose. And they offer to set off their damages in $100.

The following charges were given at the instance of the plaintiff: (C) "I charge you, gentlemen of the jury, that under the evidence in this case the defendants are not entitled to any damages on their plea of set-off." (A) "I charge you, gentlemen of the jury, that if you believe the evidence in this case you cannot assess the defendants any damages on their plea of set-off." (2) "Gentlemen of the jury, I charge you that in this case, if you find from the evidence that the plaintiff was to deliver the goods in New York City, then I charge you that a delivery of the goods to the railroad company in New York City was constructive delivery to the defendants; and if you find from the evidence that the goods were in good condition at the time they were delivered to the railroad company, then I charge you that the plaintiff is entitled to recover." (3) "I further charge you, gentlemen of the jury, that when the goods were delivered by the transportation company in New York City in this case, this was constructive delivery to the defendant, and if the goods were damaged after they were delivered to the transportation company, the plaintiff is not responsible for such damages." (4) "I charge you, gentlemen of the jury, that from the evidence in this case it is understood that plaintiff was to deliver the goods to the transportation company in New York City; and if you find from the evidence that said goods were delivered to the transportation company, and that said goods so delivered were of the same qality as the goods of the prior shipment, then I charge you that the plaintiff would be entitled to recover, and,

further, that if any damages occurred to the goods after they were placed in the office of the transportation company in New York City by the plaintiff, then the loss of such damage would fall upon the defendants, and not upon the plaintiff."

The following charges were refused the defendants: (2) "I charge you that, if you find from the evidence that the senna in question was inferior in quality to the senna invoiced and shipped by plaintiff to the defendants April 11, 1907, then the plaintiff would not be entitled to recover for the amount claimed in the complaint." (6) "Gentlemen of the jury, I charge you that, if you find from the evidence that the senna in question was worthless, then your verdict must be for the defendants, although you might further find from the evidence that the defendants promised to pay the plaintiff the amount claimed for the senna." (8) "I charge you that the defendants were not under any legal obligation to notify the plaintiff of the reception of the senna in question, nor of its condition." (9) "I charge you that the letters of the defendants introduced in evidence by the plaintiff in no way bind the defendants to the payment of the amount claimed by the plaintiff, nor any part thereof." (11) "I charge you that if the senna, the price of which forms the basis of this suit, was not of equal quality, when delivered by the plaintiff to the transportation company in New York, with the senna shipped to the defendant on April 11, 1907, then the plaintiff is not entitled to recover in this case." (12) "I charge you that, if you are reasonably satisfied from the evidence in this case that the senna forming the basis of this suit had leaves in it when delivered by the plaintiff to the transportation company in New York, then the plaintiff is not entitled to recover." (14) "I charge you that, if you are reasonably satisfied from

the evidence that the senna in question was worthless when delivered to the defendants in Birmingham, then your verdict must be for the defendants." (15) "I charge you that, if the senna mentioned in the plaintiff's letter to the defendants of June 20, 1907, was of an inferior quality to that delivered on April 11, 1907, when it was delivered by plaintiff to the transportation company in New York, then I charge you that plaintiff was not entitled to recover the amount sued for in this action." (17) "I charge you that, if you are reasonably satisfied from the evidence that the senna in question was, when delivered to the defendants, of an inferior quality to that of shipment of April 11, 1907, then the plaintiff would not be entitled to recover for the amount sued for." (18) "Same is 17, except that it requires a verdict in favor of the defendants." (21) "If you are reasonably satisfied from the evidence that the senna in question was worthless when delivered to the defendants, then the defendants were under no obligation to notify the plaintiff of its condition, and your veridct must be for the defendants, although you might find from the evidence that the defendants promised to pay for the same." (25) "There is no evidence in this case showing that leaves got into the senna between the time it was delivered to the transportation company in New York and the time it was delivered to the defendants in Birmingham." (26) "I charge you that there is no evidence in this case that the senna in question was damaged while being transported from New York to Birmingham."

ARTHUR L. BROWN, for appellant. The pleas were not subject to the demurrers interposed and the court improperly sustained them.—*Reynolds v. Bell,* 84 Ala. 496; *Getty v. Roundtree,* 54 Am. Dec. 139. On these

authorities it is asserted that the court erred in sustaining demurrers to pleas G and F. The court should have given charges 2, and 6.—*Hodges v. Tufts,* 115 Ala. 376; *Tanner-Delaney Engine Co. v. Johnson,* 82 Ala. 238. Charge 8 should have been given, as should charge 9.—*Getty v. Roundtree, supra.* Counsel discuss other assignments of error, but without further citation of authority.

THOMPSON & THOMPSON, for appellee. No brief came to the Reporter.

PELHAM, J.—The appellee wrote to the appellants on June 20, 1907, offering to sell them a quantity of ground senna, "quality equal to lot shipped and invoiced on April 11th, * * * f. o. b. New York." The letter was written from appellee's place of business in New York City to appellants in Birmingham, Ala., where they were engaged in putting up medicines. On June 27, 1907, appellants, by letter written from their office in Birmingham, replied to this offer to sell and ordered the goods, about 1,000 pounds of senna leaves, under the terms and conditions offered in appellee's letter of June 20th, "if equal to the last lot shipped us." Appellee replied by letter, acknowledging the order and promising prompt shipment. The goods were promptly delivered for shipment to the carrier f. o. b. by the appellee in New York, marked to appellants in Birmingham, Ala.; the invoice being dated July 2, 1907. The correspondence introduced in evidence shows that the goods after their arrival in Birmingham were allowed to remain in the depot or warehouse of the carrier for about 30 days; appellants not taking them out until August 16, 1907.

Whether the railroad or appellant was at fault for the goods being kept in the depot or warehouse of the

carrier is not material to the issues involved, as appellants ordered the senna from appellee f. o. b. New York, and a delivery to the common carrier there by appellee was a constructive delivery to the appellants, and the appellee would not be liable to appellants for injuries or damages to the goods after their arrival in Birmingham.—*Capehart v. Furman Co.,* 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60.

The appellant, after receiving the goods, made no complaint and offered no objection to them, but, on the contrary, made several promises by letter to pay for them, and, not having done so, appellee brought suit in the court of a justice of the peace on January 3, 1908, and recovered judgment on October 18, from which an appeal was prosecuted by appellants to the circuit court of Jefferson county, where appellee recovered the judgment from which this appeal is prosecuted. The evidence in the trial court on the part of appellants was to the effect that the senna received was not of the quality ordered, and that "it was full of leaves, stems, and worms and bugs" and was worthless; that the lot previously shipped, to which this was to correspond, was of the best quality. The evidence on behalf of appellee was to the effect that the senna shipped and delivered by it to the carrier f. o. b. New York was taken from the same lot as previously shipped, imported at the same time from the same party, and was free from leaves, bugs, or worms, and was of the best grade and quality, and in every respect equal to the lot previously shipped. The evidence was without dispute that appellants had made repeated promises to pay and offered no objection of any kind to the goods until the appellee placed the claim in the hands of an attorney for collection. The appellants testified that when they received the senna they needed it to fill orders on hand

and endeavored to use it by passing it through a sieve
to eliminate the leaves, bugs or worms, but afterwards
found it worthless.  No offer to return, or objection of
any kind, was made to the goods by appellants after re-
ceiving them about the middle of August, 1907, until
shortly before suit was brought in January, 1908, when
the claim was in the hands of an attorney for collec-
tion.  And it was during this period, on October 12,
1907, and November 29, 1907, that appellants wrote
the appellee asking an extension and offering to pay.

The several assignments of error going to the rulings
of the trial court on the pleadings are without merit.
The pleas of appellant to which demurrers were sus-
tained set up matters that were mere conclusions of the
pleader (*McAllister v. Matthews,* 150 Ala. 167, 43
South. 747, and authorities there cited.), or were not
an answer to the action declared on.

All the matters that the defendants were entitled
to the benefit of as a defense to the action that were
attempted to be set up in these pleas they had the
full benefit of in other pleas, and the rule is well set-
tled that, where a party gets all the benefits on the trial
it would have received if the ruling on demurrer had
been otherwise, the error, if any, is error without in-
jury.—*Marlowe v. Rogers,* 102 Ala. 510, 14 South. 790;
*A. G. S. R. R. Co. v. Dobbs,* 101 Ala. 219, 12 South. 770;
3 Mayfield's Dig. p. 10, § 6, and list of authorities given
there.

The court was not in error in giving charges "C"
and "A" requested in writing by appellee.  No damages
were shown under the defendants' pleas of set-off.

Charge 2 given at the instance of the appellee states
a correct proposition of law as applicable to the evi-
dence.  If the appellants deemed that it had a ten-
dency to mislead, in that it failed to specifically in-

struct with reference to the goods being of the same quality as the April shipment, an explanatory charge should have been requested.

Charges 3 and 4 assert correctly the law applicable to the facts predicated, and were properly given.

There was no error committed in the refusal of charges requested by the appellants. Charge 2 requested by appellants and refused, viewed in the light of the evidence, was decidedly misleading in failing to allege the inferiority in quality to have existed before or at the time of shipment. For anything appearing in the charge to the contrary, the goods may not have been "inferior in quality" when delivered to the carrier in New York, but became so, without fault on the part of the shipper, while in transit or while lying in the depot in Birmingham, after they were in the actual or constructive possession of appellants. It also ignores the liability that might be occasioned by retaining the goods and promising to pay. The charge ignores a material part of the evidence, and was properly refused.—*Elliott v. Howison*, 146 Ala. 568, 40 South. 1018.

Charge 6 was faulty for the same reasons pointed out as to charge 2. The senna, if the appellee's testimony be considered, may have been of the grade and quality ordered, and delivered in good condition f. o. b. New York. The charge ignores this part of the appellee's evidence completely.

Charges 8 and 9 do not assert correct propositions of law applicable to the evidence.

Charges 11 and 12 disregard the evidence of the appellants' promise to pay after receiving the goods, and also the question of whether or not the goods retained by appellants were worthless, and no obligation rested on them to rescind the contract and return the goods. These were all matters on which there was a conflict

in the evidence, and the charges instructing the jury to return a verdict in favor of appellants without regard to the evidence on this phase of the case were properly refused.

Charge 14 was clearly erroneous. The contract was to deliver to the transportation company f. o. b. New York, and not in Birmingham.

Charge 15 had a tendency to mislead, and was also properly refused for the same reason discussed in sustaining the rulings of the trial court as to charges 11 and 12.

Charges 17, 18, 20, and 21 are erroneous for the same reasons assigned in reference to charges 6 and 14.

Charges 25 and 26 invade the province of the jury and charge on the effect and weight of the evidence.

The errors assigned fail to show any reversible error, and the case is affirmed.

Affirmed.