(77 South. 424)

SOUTHERN INDEMNITY ASS'N v. HOFFMAN. (6 Div. 24.)

(Court of Appeals of Alabama. Nov. 20, 1917.)

1. PLEADING   ⊜⟹63—COMPLAINT—FOLLOWING LANGUAGE OF STATUTE—OMISSION.

A count in a complaint to recover on an insurance policy which attempts to follow Code 1907, § 5382, form 12, but fails to allege against what risk the defendant insured, is defective and demurrable.

2. APPEAL AND ERROR  ⊜⟹671(5)—RECORD—OMISSION OF INSTRUMENT SUED ON.

A count setting up terms of contract in a complaint to recover on an insurance policy in-

corporated a copy of the policy by reference. Held, that the Court of Appeals cannot pass upon the merits of the demurrer thereto in the absence of such copy from the record.

3. APPEAL AND ERROR ☞1040(7, 13) — PLEADING—DEMURRER—HARMLESS ERROR.

The sustaining of demurrers to certain pleas is rendered harmless by overruling the demurrers to other pleas giving the defendant the benefit of everything in the pleas to which demurrers were sustained, and the wrongful overruling of demurrers to pleas is harmless where under the complaint all matters of defense could be presented under the general issue.

4. INSURANCE ☞640(4) — PLEAS — SUFFICIENCY—INSURANCE POLICY.

Pleas to a complaint on an insurance policy examined, and held bad for not alleging that the policy made the giving of proof required by it a condition precedent to plaintiff's right of recovery.

5. INSURANCE ☞392(1) — ESTOPPEL AND WAIVER—COURSE OF DEALING AS TO PAYMENT OF PREMIUMS.

Where the insurer by receiving without objection premiums past due led the insured to believe he was entitled to a reasonable time for payment after maturity, it could not claim a forfeiture for failure to pay premiums on date fixed in the policy.

6. INSURANCE ☞395—ACTION ON POLICY—WAIVER OF NOTICE OF INJURY OR DEATH.

An insurer denying liability on a policy upon the ground of nonpayment of premium is estopped from defending on the ground that written notice of injury or death had not been furnished as stipulated in the policy.

7. PLEADING ☞216(3) — DEMURRER — INDEFINITE AND UNCERTAIN.

Under Code 1907, § 5340, "no objection can be taken or allowed which is not distinctly stated in the demurrer," and where the grounds were not clear and specific, the trial court will not be put in error for overruling them.

8. INSURANCE ☞354(2)—AGENT OF INSURED FOR PAYMENT OF PREMIUMS.

A demand upon insured's father for payment of premium was not sufficient; it not being alleged that the father was in any sense the agent for that purpose.

9. INSURANCE ☞641(1)—ACTIONS ON POLICY—DEFENSE—CLAUSE IN POLICY.

A replication making the claim, but not setting out any clause in the policy providing that defendant would not be liable in case insured was killed on tracks of his own employer, seeks to raise an immaterial issue, and a demurrer thereto is properly sustained.

10. INSURANCE ☞146(3)—CONSTRUCTION OF POLICIES BETWEEN INSURER AND INSURED.

Contracts of insurance are to be construed liberally when applied to the insured, and strictly when applied to the insurer, and what the insurer intends must be stated in its policy.

11. APPEAL AND ERROR ☞204(4)—REVIEW—EVIDENCE—ASSIGNMENTS OF ERROR—NO EXCEPTION TAKEN.

An assignment of error for permitting the introduction in evidence of an insurance policy to which no objection was noted cannot be considered.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Barbara Hoffman against the Southern Indemnity Association upon an insurance policy. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint sufficiently appears. Plea 4 sets up in effect that:

The policy contains the following terms and conditions: Written notice from the member or his representative and a certificate from the attending physician, each stating the time, place, manner, and nature of injury, sickness, or death, must be received at the home office of the association within ten days after the date of injury, commencement of sickness, or death as conditions precedent to recover. And this defendant avers that after the alleged death of the insured, the said Leo H. Hoffman, it received no written notice from the said Hoffman or his representative, and received no certificate from the attending physician, each stating the time, place, manner, and nature of the injury, sickness, or death of the said Leo H. Hoffman.

Plea 5 contains the same terms and conditions as set out in plea 4, and adds that defendant did not receive at its office within ten days after date of the alleged death of the said Leo H. Hoffman any written notice from said Hoffman, or his representative, and a certificate from the attending physician, each stating the time, place, manner, and nature of the injury, sickness, or death. Pleas 8, 9, and 12, allege that the policy contained the following provision:

(3) If death shall result from any injury or sickness for which this association may be liable, independently of all other causes, the association will pay the principal sum as defined by this policy to the person named as beneficiary if the death of the member shall occur while this policy is in full force and effect.

Plea 8 alleges that the death did not result in any injury or sickness for which the association may be liable independently of all other causes. Plea 9 alleges that the death did not occur while the policy was in full force and effect. Plea 12 alleges that defendant did not receive through its secretary or at its home office direct and affirmative final proof of the death of said Leo H. Hoffman. The substance of the replications sufficiently appear.

Coleman & Coleman, of Birmingham, for appellant. Davis & Davis, of Birmingham, for appellee.

SAMFORD, J. [1] The first count of the complaint is in the following words:

"The plaintiff claims of the defendant the sum of, to wit, $150, with interest thereon, upon a policy of insurance whereby the defendant on, to wit, the 14th day of September, 1908, insured for the term of, to wit, his natural life, Leo H. Hoffman, who died on, to wit, the 16th day of August, 1912, of which the defendant has had notice. Said policy is the property of the plaintiff."

This count was evidently intended to follow the Code form, but it failed to do so, in that it fails to allege against what risk the defendant insured. This omission rendered the count defective, and subject to demurrer (Code 1907, § 5382, form 12) but no ground of demurrer is assigned raising this point, and the grounds of demurrer assigned are not well taken.

[2] The third count of the complaint (there

was no second count) is in the following words:

"The plaintiff claims of the defendant $150, with interest thereon, due on a policy of insurance, a copy of which is hereto attached and made a part of this count, issued by defendant on, to wit, the 17th day of October, 1908, to the insured L. H. Hoffman, by the terms of which defendant promised and agreed in case of death of insured, L. H. Hoffman, caused, independent of all other causes, solely through external violent and accidental means to pay said amount; and plaintiff avers that the death of the said L. H. Hoffman was caused independent of all other causes, solely through external, violent, and accidental means; that insured has complied with the terms of said policy on his part; that said L. H. Hoffman died on, to wit, August 16, 1912. Said policy is the property of the plaintiff."

The copy of the policy referred to in the count is not set out in the record. This count was demurred to, but, in the absence of the copy of the policy referred to, this count cannot pass upon the demurrer. McAllister-Coman Co. v. Matthews, 167 Ala. 361, 52 South. 416, 140 Am. St. Rep. 43.

[3, 4] The sustaining of demurrers to pleas 4 and 5 was rendered harmless by the overruling of demurrers to pleas 10 and 11, under which latter pleas the defendant had the benefit of everything it could have had under pleas 4 and 5. Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 597, 47 South. 72.

The overruling of demurrers to pleas 8, 9, and 12, if error, was without injury, as, under the averments in this complaint, all matters of defense alleged in said pleas could have been and were introduced in evidence under the plea of the general issue, and, besides, plea 12 was bad and subject to the demurrer, because it is not alleged in the plea that the provisions of the policy made the giving of the proof required by the policy a condition precedent to plaintiff's right of recovery.

[5] Replications 2, 3, and 4, in reply to those pleas alleging a forfeiture of the policy on account of a failure to pay the premium when due, invoking the rule that where the insurer, by custom and course of dealing with the insured, in the receiving without objection premiums or assessments past due, had led him to believe that he was entitled to a reasonable time for the payment of premiums or assessments after they matured. When this is the case, the insurer cannot claim a forfeiture for failure to pay premiums or assessments on the due date fixed in the policy. 3 Cooley's Briefs on Insurance, 2706, and authorities there cited. And if by the dealings and custom between the insurer and the insured the date of payment of premiums or assessments had been extended to the monthly coming of the pay car of the insured's employer, the insurer could not enforce a forfeiture until after that time. The replications sufficiently alleged these things, and were not subject to the grounds of demurrer interposed.

[6] Replication No. 5 alleged that the defendant before suit denied liability on the policy, upon the ground that the premium had not been paid. If this was so, the defendant was estopped from defending, on the ground that written notice had not been furnished, as stipulated in the policy. As is said by Judge Cooley:

"This rule is fundamental, and scarcely needs to be supported by citation of authority." 4 Cooley's Briefs on Insurance, 3531.

[7] In answer to those pleas setting up the clause in the policy to the effect that the policy did not cover "injuries happening while the insured was on a railroad bed," and that insured was on such roadbed when he was killed, plaintiff replied:

"According to the terms of the policy sued on, the insured was excepted from those who were not entitled to recover while on a railroad bridge or roadbed, in this, that he was a railroad employé when injured."

This replication was demurred to, but the grounds assigned were general.

"No objection can be taken or allowed which is not distinctly stated in the demurrer." Code, § 5340.

If counsel had been as specific in his grounds of demurrer as he is in the brief filed in this court, the lower court would doubtless have sustained the demurrer, giving to the plaintiff an opportunity to amend. The statute was designed to prevent vague and indefinite grounds of demurrer, and where they are not clear and specific, the trial court will not be put in error for overruling them.

[8] These replications were directed separately and severally to each of the pleas of the defendant separately and severally, and not jointly, as is contended in brief of counsel, and therefore the argument of appellant's counsel to heading IV does not apply.

To the replications of plaintiff defendant rejoined:

First, generally; second, "for further answer to No. 2, No. 3, and No. 4, the defendant says that at the time referred to in said replications, and, to wit, at the time when said premium was due, the defendant, by its agent, viz. P. J. McGeever, went, as customary, to the pay car of deceased's employer, for the purpose of collecting the premium, and defendant avers that the deceased had drawn all of his pay and left, and that the dues were never paid"; third, "for further answer to No. 2, No. 3, and No. 4, defendant avers that at the time referred to in said replications, and, to wit, at the time said premium was due, the defendant made demand upon the father of the deceased, who was in the habit of paying dues for the deceased, for the payment of said dues, and defendant avers that the deceased's father failed to pay said dues, and defendant further avers that the said dues were never paid, and that in consequence thereof, the said policy lapsed"; fourth, "for further answer to No. 6, the defendant says that the insured was not an employé of the company upon whose tracks the said insured was killed."

These special rejoinders were demurred to. Under the pleadings in this case, and in accordance with our views hereinbefore expressed, the plaintiff could not be put in de-

fault in the payment of the premiums until after reasonable opportunity had been given him to pay them. It does not appear from the rejoinders that the defendant's agent, following his custom, was in the pay car of insured's employer at the time insured drew his money or failing in that reasonable time had been given him in which to make the payment. A demand on the father was not sufficient to put plaintiff in default; it not being alleged that defendant's father was in any sense his agent for that purpose. The demurrers to rejoinders two and three were therefore properly sustained.

[9, 10] Replication 4 does not set out any clause in the policy sued on whereby it was provided that the defendant would not be liable should the insured be killed while on the tracks of his company, the employer of the insured, and hence, under the pleadings, sought to raise an immaterial issue. Therefore the demurrer to it was properly sustained. It has long been held that contracts of insurance are to be construed liberally when applied to the insured and strictly when applied to the insurer. If the company intended what is contended for by its counsel, it should have so stated in its policy.

[11] Appellant insists that the court erred in permitting the introduction of the insurance policy appearing in the bill of exceptions, but we find no objection noted to the introduction of this evidence, and hence we cannot consider the assignment of error.

After considering all the evidence, the court, without a jury, rendered a judgment for the plaintiff; there being no finding on the evidence other than the judgment rendered. There was abundant evidence to support the judgment, and we find no error in the conclusions of the court.

We find no error in the record, and the judgment of the trial court is affirmed.

Affirmed.