185 So. 167

WILLIAMS, Superintendent of Banks, v. SAKS.

6 Div. 398.

Supreme Court of Alabama.

Dec. 8, 1938.

Murphy; Hanna, Woodall & Lindbergh and Lawrence B. Davis, all of Birmingham, for appellant.

B. F. Smith, of Birmingham, for appellee.

KNIGHT, Justice.

The appellant, plaintiff in the court below, sued the appellee upon a promissory note, executed by the appellee, along with her late husband, Joseph Saks, on December 14, 1931, and payable in the sum of .$850, sixty days after date, to the order of the Southern Bank and Trust Company. Due endorsement of the note is averred.

To this action the defendant filed the plea of the general issue and three special pleas. The fourth plea invoked the provision of Section 8272 of the Code, and averred that the note sued on was void "for the reason that she (defendant) signed it as security for her husband, Joe Saks, who was, at the time, indebted to the Southern Bank & Trust Company, and that the proceeds of the note went to the bank, the creditor of defendant's husband, and that she received no benefit or consideration therefor."

The cause was tried by a jury, and the issue of suretyship was, in fact, the only issue upon which the case was tried. The jury, by their verdict, determined the issue in favor of the defendant.

The plaintiff made motion for a new trial, and this motion was overruled by the court, and judgment was thereupon entered for the defendant on the verdict of the jury. From this judgment the plaintiff has prosecuted the present appeal.

All errors assigned relate to the action of the court in overruling the motion for a new trial, and the argument here submitted is confined to the one proposition, that the verdict of the jury was so contrary to the weight of the evidence as to stamp it as being wrong and unjust.

We have carefully read all the evidence offered upon the trial of this cause. While we are not prepared to say that, had we been the triors of the question of fact in the first instance, and not the jury, we would have reached the same conclusion as was reached by the jury, the

684

issue was duly and properly submitted to the jury, and they have found the disputed issue of fact in favor of the defendant. The trial judge, who saw the witnesses, and heard the testimony at first hand, has refused to judicially interfere with the verdict. This action on the part of the presiding judge strengthens the presumption in favor of the correctness of the jury's verdict.

Under the evidence in the case, we would not be justified in interfering with the verdict of the jury.

We have long adhered to the rule "that the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." We are not so impressed. The verdict and judgment must, therefore, stand. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.