54 So.2d 772

### DOBBS v. MASHBURN.
### 7 Div. 114.

Supreme Court of Alabama.

Oct. 18, 1951.

Scott & Dawson and Max J. Howard, all of Fort Payne, for appellant.

W. M. Beck, Fort Payne, for appellee.

BROWN, Justice.

This appeal is by the defendant from a judgment in an action of assumpsit rendered on the verdict of the jury.

The complaint contains three counts. Counts one and two are in general assumpsit on account and for money had and received. There is no contention here that these counts are not sufficient. Count three is special assumpsit for the breach of the provisions of a contract. Demurrers filed by the defendant were directed to this count and the only contention made now is that it is so indefinite that it does not inform the defendant of the facts constituting the alleged contract so that he may answer the same. The insistence as to the insufficiency of this count as stated in brief is that said count three is bad because of uncertainty; that "The entire count is vague and uncertain and the appellant was not informed by it wherein he had breached the alleged contract. * * * In count three it is alleged that the paintiff would realize a certain amount of money but it is not stated in what manner she would realize it. It is further alleged that 'the defendant failed and refused to deliver to the plaintiff the Twelve Hundred Fifty and no/100 Dollars ($1250.00) as agreed and failed to apply same on the mortgage * * *.' This part of the count is also vague and indefinite since it is not alleged in the count that the defendant agreed to deliver to the plaintiff $1250.00. This count does not allege a contract or breach with any certainty."

The gravamen of the count is stated as follows: "The pliantiff owned a house and lot in Fort Payne in which she had invested the sum of Twenty-two Hundred Fifty

and no/100 Dollars ($2500.00) on which there was a mortgage outstanding of approximately Nine Hundred and no/100 Dollars ($900.00). The defendant who was a real estate agent offered to trade a house and some lots she owned and was occupying as her home with the understanding and agreement that the plaintiff would realize the amount of money she had invested in her property to-wit: Twelve Hundred and Fifty and no/100 Dollars ($1250.00) and that the said Twelve Hundred Fifty and no/100 Dollars ($1250.00) would apply on the amount of the mortgage that was due on the property then owned by Floyd L. Teague. The plaintiff avers that relying upon the defendant, she executed a deed to her home place to the defendant and that the defendant secured a deed from Floyd L. Teague and wife Maggie L. Teague to the plaintiff and the plaintiff avers that after completion of the transactions and the deeds had been executed, the defendant failed and refused to deliver to the plaintiff the Twelve Hundred Fifty and no/100 Dollars ($1250.00) as agreed and failed to apply same on the mortgage that was on the property that was traded for, and plaintiff avers that as a result of the breach of said agreement the defendant is due the plaintiff the sum of money here sued for."

The grounds of demurrer pertinent to the insistence made by appellant here are: "2. The averments of the complaint do not set up a contract. 3. The averments do not show a breach of contract." The other grounds of demurrer are either inapt or are not distinctly stated in that they ignore the averment in the complaint that the $1250.00 was to be applied by the defendant in the mortgage on the Teague place, which place he traded to the plaintiff for her property. Code 1940, Tit. 7, § 236; Southern Indemnity Ass'n v. Hoffman, 16 Ala.App. 274, 77 So. 424; Deslandes v. Scales, 187 Ala. 25, 28, 65 So. 393; Union Central Life Ins. Co. v. Guffin, 232 Ala. 254, 167 So. 321. The stated grounds of demurrer 2 and 3 were not well taken and the court did not err in overruling the demurrer. Code 1940, Tit. 7, § 236.

The evidence goes to show that the defendant was a realtor engaged in the business of dealing in real estate in Fort Payne, Alabama; that plaintiff owned a house and a lot in which she had invested $2,250.00, which was under mortgage to Mrs. Scott; that she desired to trade for property in the same town owned by a man by the name of Teague which was built by and on "a G. I. loan," being paid out on monthly payments of $26.00. Teague owned the equity in said last mentioned property and was keeping up these payments and had invested a considerable sum therein.

The defendant Dobbs proposed to plaintiff to handle the transaction. Dobbs procured subsequently the execution of a deed to the Teague property direct to plaintiff and in the same phase of the transaction plaintiff deeded her property to defendant and, according to the testimony of the plaintiff and her witnesses, the defendant agreed to pay to plaintiff $1,250.00, the cash payment she made on her property, or have this amount credited on the mortgage covering the Teague property which plaintiff assumed. The evidence of plaintiff further goes to show that defendant failed to pay plaintiff the one thousand two hundred and fifty dollars or to credit the same on the mortgage against the Teague property, which was conveyed to plaintiff, though demand was made by the plaintiff therefor.

The evidence of the defendant and his witnesses was in sharp conflict with that of the plaintiff and tended to show that there was no such agreement as plaintiff's evidence tended to show. The evidence presented a controversy between the parties which the trial court in a clear charge submitted to the jury and the jury returned a verdict for the plaintiff, assessing her damages at the sum of $1250.00. Defendant made a motion for new trial on grounds, among others, that the verdict of the jury was contrary to the great weight of the evidence, which was overruled by the court.

The testimony was given in open court in the presence of the court and the jury and we cannot affirm that the court erred in refusing a motion for new trial. Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Williams v. Saks, 236 Ala. 683, 185 So. 167.

The alleged agreement and the negotiations in respect thereto resting in

parol, aside from the deeds which were executed for passing the title to the respective parties, it was permissible to receive parol testimony of the respective parties and their witnesses as to the time and place of such negotiations, what was said and done in respect to the alleged agreement and the consideration therefor.

We have examined the several rulings of the court on the admission of evidence and find nothing therein that would warrant a reversal of the judgment of the court. Empire Securities Co. v. Webb, 202 Ala. 549, 81 So. 51.

We find no error in the record. The judgment will be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.