HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. CYRUS SMITH.
No. 6555.

1. **Ordinary Negligence.**—The use of the terms "ordinary man" and "ordinary business man" in standards of comparisons, to illustrate ordinary care, criticised and condemned.

2. **Cases Adhered to.**—City of Austin v. Ritz, 72 Texas, 402, and Railway v. Beatty, 73 Texas, 592, adhered to.

3. **Fact Case—Want of Care, etc.**—See state of facts held as showing want of care on part of the injured party and due care on part of the railway company upon whose track the injury occurred.

ERROR from Travis. Tried below before Hon. A. S. Walker.
The facts are sufficiently stated in the opinion.

*O. T. Holt,* for plaintiff in error. — 1. A railway company is not liable to a trespasser on its track when by the use of ordinary care the trespasser could not be discovered. The company must use ordinary care, and when a trespasser is discovered on its track great care must be used to prevent injury to him. Railway v. Richards, 59 Texas, 373; Railway v. Green's Admr., 19 Am. and Eng. Ry. Cases, 95; Railway v. Howard's Admr., 19 Am. and Eng. Ry. Cases, 98; McAllister v. Railway, 19 Am. and Eng. Ry. Cases, 108; Kean v. Railway, 19 Am. and Eng. Ry. Cases, 321; Scheffil's Admr. v. Railway, 19 Am. and Eng. Ry. Cases, 173; Reed v. Railway, 23 Am. and Eng. Ry. Cases, 253; Dee v. Railway, 16 Am. and Eng. Ry. Cases, 363; Pierce on Rys., 330; Railway v. Holmes, 8 Am. and Eng. Ry. Cases, 410; 12 Am. and Eng. Ry. Cases, 77.

2. The deceased, Plum Smith, was guilty of contributory negligence in lying down on the railroad track, and defendant in error can not recover unless after he was discovered on the track proper diligence was not used to prevent the train from running over him. Railway v. Smith, 62 Texas, 252; Railway v. Richards, 59 Texas, 373; Railway v. Smith, 52 Texas, 178; Railway v. Graham, 12 Am. and Eng. Ry. Cases, 77; Railway v. Green, 19 Am. and Eng. Ry. Cases, 95; 2 Wood on Rys., 1263; Railway v. Hedges, 25 Am. and Eng. Ry. Cases, 55; Rine v. Railway, 25 Am. and Eng. Ry. Cases, 545; Reed v. Railway, 23 Am. and Eng. Ry. Cases, 253.

No brief for defendant in error has reached the Reporter.

ACKER, PRESIDING JUDGE.—Cyrus Smith and his wife brought this

suit against the Houston & Texas Central Railway Company to recover damages alleged to have been sustained by them from the death of their son, Plum Smith, a minor sixteen years old. It was alleged that the death was caused by the gross negligence of defendant, its agents and employes. The trial resulted in verdict and judgment for plaintiff Cyrus Smith for $500, from which this writ of error is prosecuted.

The boy was run over by a locomotive drawing a freight train of two cars and a caboose, about 6 o'clock in the morning. He had left his home about an hour before to bring horses from the pasture. The engineer in charge of the locomotive was the only person who testified to having witnessed the accident and the manner in which it occurred. He testified that he was running at the usual rate of speed, and when he first discovered the boy he was lying on his face about the middle of the track and about fifteen or twenty yards in front of the engine; that he immediately called for brakes and reversed the engine; the rails being wet and slippery the wheels slided and the engine ran over the boy; that the engine ran twenty-seven or twenty-eight yards after he saw the boy; that the engine alone passed over him, and he was found under the front truck of the front car.

The boy was killed in a cut, where there was no crossing. There was evidence going to show that a body lying on the track at that place could be seen for a distance of one hundred and fifty to three hundred yards in the direction from which the train came. It was proved that the regulations prescribed by defendant for the government of its employes required engineers while running trains to look back frequently and keep a watch on the trains. The engineer testified that he had been looking back at the train just before he looked forward and discovered the boy on the track.

The defendant requested the following special instructions: "1. The jury are charged that the defendant is not liable because the engineer could not have seen Plum Smith in time to prevent the injury, but it is liable if the engineer did see Smith before the accident, and did not use and exercise proper care to avoid striking or running over him.

"2. If the deceased, Plum Smith, was guilty of negligence which resulted in his death, no recovery can be had unless the persons in charge of the train were aware of his negligence, and, after discovering the deceased on the track, could by the exercise of proper care and diligence have avoided the injury."

The court refused to give these instructions, and this is assigned as error. Upon the questions of negligence of the defendant and contributory negligence of the deceased, the following charge was given:

"If the jury find by preponderance of evidence that at the time and place as alleged—

"1. That the deceased, Plum Smith, without fault on his part (that

is, while using such care as an ordinary man would use for his own safety under like circumstances), was run over and killed by a train of the defendant.

"2. That the employes of defendant in charge of the train were in fault in failing to use such care as an ordinary business man in like circumstances and employment would use, either in failing to see what ought to have been seen under the circumstances, taking the place and time and everything in testimony into consideration, or in failing to use such ordinary efforts to protect the deceased from harm as such ordinarily careful man would use under like circumstances."

The expressions "ordinary man" and "ordinary business man," as used in this charge in defining the degree of diligence and care required of a defendant to avoid liability on a charge of negligence, and also in determining the question of contributory negligence on the part of the person injured, have been several times condemned by this court. City of Austin v. Ritz, 72 Texas, 402; Railway v. Beatty, 73 Texas, 592.

The defendant certainly could not be held liable simply because the engineer in charge of its train could not have seen the deceased in time to prevent the injury. It is also well settled that if the deceased by his own negligence caused his death, because the employes in charge of the train by the use of ordinary care after his peril was discovered by them could not prevent it, then the plaintiff was not entitled to recover. Railway v. Smith, 52 Texas, 185; Railway v. Sympkins, 54 Texas, 622; Railway v. McDonald, 75 Texas, 41.

We think the court erred in the charge given, and in refusing to give the special instructions requested.

It is also contended that the verdict and judgment are contrary to the law and the evidence, and we think it must be so held.

The evidence shows that the employes of defendant in charge of the train were in the discharge of their duties, and employed every available means to prevent the injury after the discovery of the peril of the deceased. It was certainly negligence on the part of the deceased to lie down on a railroad track where, as the evidence shows, he knew trains were accustomed to pass at about that time. It was not negligence for the employes of defendant not to look constantly in front of the engine at a place where there was no crossing and where they had no reason to expect that persons would be on or along the track. That the negligence of the deceased contributed to his death there can be no doubt, and we think the evidence fails to show negligence on the part of the defendant.

We are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 6, 1890.