## A. Kalklosh v. Jasper N. Haney.

### No. 219.

**Specific Performance—Tender.**—Where a purchaser of land under an executory contract pleads and proves his willingness to pay the entire balance due, it is not necessary that he should, as a prerequisite to his right to a decree of specific performance, have first made actual payment, or tender of payment, since the court can make such decree dependent on final payment being made within a stated time.

Appeal from Parker. Tried below before Hon. J. W. Patterson.

*E. P. Nicholson*, for appellant.—The court erred in concluding that appellant must have made actual payment or tender of payment in order to have specific performance decreed. Spann v. Sterns, 18 Texas, 565; Ward v. Worsham, 78 Texas, 180; Pome. on Con., 477.

No brief for appellee reached the Reporter.

TARLTON, Chief Justice.—September 11, 1890, the appellee, Jasper N. Haney, brought this suit, as an action of trespass to try title, to recover from the appellant, A. Kalklosh, 80 acres of land, the south part of the northwest quarter of section 165, in Parker County.

The defendant, Kalklosh, in his answer, disclaimed all interest in the land sued for save as to 53 acres, which he described by metes and bounds. As to this tract, he claimed the right of possession by virtue of a certain agreement to sell and convey, more particularly below described, executed to him by the Franco-Texan Land Company, a corporation, which he impleaded. He prayed for a specific performance of this contract, alleging, that the plaintiff, Haney, who claimed under the Franco-Texan Land Company, purchased with notice of his rights, and pleading that he was ready and willing to comply with the obligations imposed upon him by the terms of the contract.

The plaintiff, Haney, in a supplemental petition, prayed that in the event of a recovery by the defendant, Kalklosh, he have judgment against the Franco-Texan Land Company for the sum of $200 paid, and for the cancellation of certain promissory notes executed in consideration of the land purchased by him from the Franco-Texan Land Company.

From a judgment in favor of the plaintiff against the defendant, Kalklosh, and denying to the latter any relief against the Franco-Texan Land Company, this appeal is prosecuted.

The Franco-Texan Land Company prior to September 27, 1884, was the owner of the land in controversy. On that day it executed to the appellant, A. Kalklosh, the following instrument:

" September 27, 1884.

"Received of Mr. A. Kalklosh the sum of $24 dollars, as part payment on 40 acres in section 165, block —, in Parker County, being in the northwest part of one-quarter of said section. The terms of this sale are at the rate of $3 per acre, one-fifth cash and balance to be secured by five notes, of even date, with 10 per cent interest per annum. The said A. Kalklosh is to have this land surveyed at his own expense by the county surveyor, within thirty days from date, to bring the field notes to this office, sign five notes, and get his deed, or forfeit the above deposit amount.

" R. W. Duke.

" Franco-Texan Land Company."

When this contract was executed, it was supposed by Mr. Duke, the president of the company, and the defendant, that the quantity of the land was 40 acres, but a survey was required to ascertain the exact quantity. In case of an excess, the purchaser was to increase the cash payment to such sum as would equal one-fifth the value of the tract at $3 per acre; in case of a loss, a proportionate amount of the cash payment

of $24 was to be returned to the purchaser. A survey made by Kalklosh, according to the terms of the agreement, disclosed the fact that there were 53 acres in the tract. Accordingly, the defendant, within the time named, offered to pay to Mr. Duke, the president, the requisite balance of the cash payment, and offered to execute the five notes provided for, demanding his deed. Duke, the president, when this offer was made, failed to consummate the arrangement, on the ground that he was too busy to do so. The offer was thereafter several times renewed by the defendant, with similar results, until finally he was told by the president that the latter would inform him when to come and execute the notes and secure the deed, at a time when business would not be so pressing, and that in the meantime the defendant could proceed with his improvements. The company had notes in printed form, which it required to be signed in transactions of this character. The defendant consequently took possession of the land, and has since continuously resided upon it, paying the taxes due upon it, and erecting permanent improvements of the value of $300.

Sometime in 1886, Duke ceased to be president of the Franco-Texan Land Company, and was succeeded by A. J. Hood, who has declined to execute the deed or to accept the notes, claiming that the payment made by Kalklosh was forfeited. The defendant had made only the first payment on the land, nor has he ever tendered the money; but as already stated, he several times, while Duke was president, offered to execute the notes, and to carry out the contract, and during the trial testified, as he had alleged in his answer, that he was willing to pay the balance of the purchase money, principal and interest. Since the contract with Kalklosh, the land has greatly increased in value.

In September, 1889, the appellee, Haney, purchased from the Franco-Texan Land Company the 80 acres described in his petition, including the 53 acres which the company agreed to convey to the appellant. At the time of his purchase, the appellee knew of the claim of Kalklosh. Haney took a bond for title from the company, paying $200 in cash, and executed three promissory notes, for $260, $240, and $220 respectively.

*Opinion.*—On the foregoing facts, the trial court adjudged, that Kalklosh was not entitled to specific performance of the contract pleaded by him, because he failed to pay the money due upon the contract, or to make an actual tender thereof; that payment or tender of payment on the trial, if not previously made, was necessary to the relief sought.

We do not thus understand the law.

Where, as in this case, the vendee pleads and proves his willingness to pay the entire balance due, he is not required to make actual payment or tender of payment. The rule is, to grant him the relief for which he prays, provided that within a reasonable time, to be fixed in the decree,

he shall make payment of the amount due.    Failing in this, his right should cease.    Spann v. Stern, 18 Texas, 565; Ward v. Worsham, 77 Texas, 180.

That the lower court may on another trial apply this rule in solving the issues between the several parties, we order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 28, 1893.

Justice STEPHENS did not sit in this case.