# Chadwick *v.* Chadwick.

*Bill for Specific Performance.*

1. *Specific performance; when denied.*—A contract between mother and son that he will support her during her life in consideration that she will convey land to him, is an undertaking which implies the legal duty on his part, not only to furnish necessaries for her support, but to treat her with consideration, so that her existence as a member of his household might be at least tolerable; and a court of equity will not undertake to regulate or control the performance of such continuous duties, and would be powerless to do so by any of its processes. Hence such court will not decree specific performance of such a contract at the instance of the son.

2. *Same; when bill to compel conveyance defective.*—A bill in

[Chadwick v. Chadwick.]

equity to compel a conveyance is defective which does not allege with clearness and certainty a failure of the defendant to execute the conveyance, but leaves room for the inference that it may have been executed.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case alleges that J. L. Chadwick, T. H. Chadwick and O. D. Chadwick, together with their mother, Mrs. M. F. Chadwick, purchased a piece of land on credit; that they jointly cultivated the land, and from the proceeds of the cultivation paid the purchase money for the land; that the deed was executed to the mother, Mrs. Chadwick; that the complainant, J. L. Chadwick, contracted with the others to purchase their several interests, the terms being to pay each of his brothers an agreed price for his share; and in consideration of the mother's share to take her to reside with him, and to support her during her life; that in conformity with this agreement a deed to the land was executed to J. L. Chadwick by his brothers; that his mother was present and consenting to the execution of this deed, and agreed to sign the same, but said she could not see well enough and requested another to sign her name which was done; that afterwards the mother abandoned the home of J. L. Chadwick and brought suit in ejectment against him for the land. These facts as to the purchase of the lands jointly by the mother and sons, and as to the payment of the purchase money and the contract to sell to J. L. Chadwick were all denied by the defendant, she alleging that the purchase of the land was by herself alone, her sons being minors; that she paid the purchase money, and that she did not authorize her name to be signed to the deed to complainant; that she left the home of complainant because of threats by him of bodily harm to her. Submitted on pleading and proof. Decree for defendant and bill dismissed. Affirmed.

SMITH & HENRY, for appellant.—A contract for conveyance of land which is fair, reasonable and just, and which by its terms is clear and unambiguous, should, upon either party's refusal to execute, be decreed to be

specifically performed by a court of equity.—*Moon v. Crowder*, 72 Ala. 79; *Irwin v. Bailey*, 72 Ala. 467; *Derrick v. Monette*, 73 Ala. 75.

J. J. ABERCROMBIE, *contra*, contended that to uphold a contract resting in parol as to real property a part of the purchase money must be paid and voluntary possession of the premises must be delivered.

SHARPE, J.—The contract described in this bill belongs to a peculiar class to which the remedy of specific enforcement is not adapted or applied. The chief consideration moving to the defendant for the conveyance which the complainant seeks to compel is the agreement on his part to allow the defendant to reside with him, and to support her during her life. It is an undertaking which implies the legal duty on his part not only to furnish necessaries for defendant's support, but to treat her with due consideration so that her existence as a member of his household might be at least tolerable. The court of equity will not undertake to regulate or control the performance of such continuous duties, and it would be powerless to do so by any of its process. *Bumpus v. Bumpus*, 53 Mich. 346; *Bourget v. Monroe*, 58 Mich. 563; *Mowers v. Fogg*, 45 N. J. Eq. 120. Even if such power existed yet its exercise in such a controversy between a mother and her son would be of doubtful expediency. The incidents of such interference by the court would go far to engender feelings of antagonism between the parties, destructive of the affection and confidence natural to the relation and which in the interest of society at large the court of equity would conserve rather than disrupt.

But aside from any ethical consideration and upon general principles of equity, the jurisdiction will be declined because of the inequality in which the parties are placed by such contract in respect to the remedy for its enforcement. To compel its observance by one when its benefits could not be secured to the other would be alike unequal and inequitable. Upon that ground the doctrine is well established, as applicable to suits for specific performance, that though no difficulty may

[Ladd *et al.* v. Ladd *et al.*]

attend the execution of the contract on the part of the defendant, yet, unless there be mutuality as to the remedy as well as the obligation so that the complainant in case of his defection could be compelled to perform, the parties will be left to other remedies.—*Iron Age Pub. Co. v. W. U. Tel. Co.*, 83 Ala. 498; *Irwin v. Bailey*, 72 Ala. 467; Fry on Spec. Perf. § 286; Pomeroy on Contracts, § 162.

If the defendant's presentment of the case be the true one, the remedy, if it existed, might well be applied in her favor since it reveals a gross breach of his obligation in respect of his treatment of the defendant. But the bill is without equity, and the plaintiff's case fails regardless of the matters set up in defense, so that particular reference to those matters is unnecessary.

It may be noticed that the bill, being to compel a conveyance, is also defective in not averring with more certainty a failure of defendant to execute the conveyance. It avers that her name was written upon the deed by her direction in a way which may have amounted to a valid signature, and is silent as to whether there was any attestation or acknowledgment, leaving room for the inference, which may be drawn against the pleader, that the execution of the deed was completed.

The decree of the chancery court will be in all things affirmed. The appellant will pay the costs of the appeal in this and in the chancery court.

Affirmed.