## W. B. Fordtran v. A. A. Dunovant et al.

### Decided March 25, 1909.

**1.—Specific Performance—Contract to Convey Land—Tender.**

In an action by a vendee to enforce specific performance of a contract to convey land, no actual tender of the agreed consideration need be made, and no tender other than an offer in the pleadings is necessary to entitle the case to go to the jury on the facts.

**2.—Same—Tender—Payment of Purchase Money—Decree.**

Where the plaintiff, in an action to enforce specific performance of a contract to convey land, pleaded a tender of the purchase money and offered evidence tending to prove a previous tender and offer to perform the contract according to its terms, it was error for the court, when the evidence was concluded, to require plaintiff to tender in court the purchase money or give some assurance that he could pay it and, on plaintiff's stating that he could not do so owing to the financial conditions in the community, instruct a verdict for defendant. In such case it became the duty of the court to submit the case to the jury and, on a finding of facts favorable to plaintiff, grant the relief prayed for, provided that within reasonable time, to be fixed in the decree, he should make payment of the amount due, and failing in this his right should cease.

Appeal from the District Court of Harris County. Tried below before Hon. William P. Hamblen.

*Masterson, Atkinson & Masterson* and *J. A. Gillette,* for appellant.

*Hogg, Gill & Jones* and *Baker, Botts, Parker & Garwood,* for appellees.—Where the plaintiff expressly states that he is not able to pay the money into court when the decree is entered, and states further that he can give no assurance that he will ever be able to do so, the rule announced in Gardner v. Rundell, 70 Texas, 456, does not apply, and the court must direct a verdict for the defendants. Fitzhugh v. Franco-Texas Land Co., 81 Texas, 306.

McMEANS, Associate Justice.—This suit was instituted by appellant, W. B. Fordtran, against the appellees, Miss A. A. Dunovant and R. S. Autrey, to enforce specific performance of a contract to convey two lots of land in the city of Houston. Appellant in his amended petition alleged, in substance, that Miss Dunovant being the owner of the property in question, on October 23, 1905, entered into a contract in writing with him by which she agreed and obligated

herself to sell the same to him, with the understanding that she was to accept from him vendor's lien notes for $17,000, the price agreed on, and for which notes appellant agreed to give her $17,000 in cash without discount, said sum to be paid on or before November 1, 1905, at the Houston National Bank upon the delivery of a deed conveying said property, and that said contract did not expire until the 2d day of November, 1905, and that the sale of said property was to be closed and consummated by that date. He further pleaded that on the first day of November, 1905, he requested Miss Dunovant to execute and deliver to him a deed conveying said property to him and tendered and offered to pay her in cash the consideration agreed upon, but that Miss Dunovant wholly failed and refused to deliver said deed or to receive and accept the money tendered, but that a few days later, on November 9, 1905, she sold the property to appellee Autrey, who purchased the same with full knowledge of appellant's contract and his rights thereunder. The petition contains this further allegation: "Plaintiff further makes known to the court that he still makes good his tender of $17,000 in cash, and here and now tenders the same to defendants, or to the one of them which may be entitled to receive the same, in discharge of the obligation imposed upon him by said agreement, and in payment of said property, and that he has always been ready to make said payment; but should the court be of the opinion that this plaintiff should pay interest thereon, he, in that event, tenders interest on said sum and at such a rate as the court, in its judgment and discretion, may adjudge that he ought to pay."

Miss Dunovant answered by general denial, and specially pleaded that if the alleged agreement of October 23, 1905, was made, it had, by consent of both parties, been set aside and cancelled, and that a new and different agreement had been made by them in lieu thereof; that if any such contract as that alleged by plaintiff was ever made it was not supported by a valid consideration; and that although not recognizing the right of plaintiff to a conveyance of said property under the contract of October 23, 1905, she, nevertheless, on November 9, 1907, and again on November 13, 1907, and since the filing of the suit, tendered to the plaintiff a deed to and immediate possession of the property, and agreed to pay the court costs in this suit, she having for this procured a deed back to her from her codefendant R. L. Autrey and his wife, but that plaintiff on each occasion refused to accept such deed and pay said money; that she not only tendered said deed, but on each occasion offered to sign any proper deed that plaintiff might prepare. And she pleaded such tender and her demand for payment in bar of plaintiff's right to recover.

Defendant Autrey pleaded that he had purchased the property from Miss Dunovant after he had ascertained that plaintiff had no claim thereto, and he adopted her answer in so far as it set up the cancellation of the contract of October 23, 1905.

The pleadings of all the parties were at great length, but it is believed that the substance of the same as above set out will be suffi-

cient to an understanding of the points upon which this opinion is based.

A jury was impaneled to pass upon the issues of fact. The plaintiff offered testimony tending to prove his cause of action, and the defendants offered evidence tending to establish the grounds of their defense. When the introduction of evidence was concluded the trial judge in open court called upon plaintiff and his counsel to pay or tender into court the purchase money referred to in his pleadings, or to give the court some assurance that he could pay it, else, he declared, he would not submit the case to the jury. After a conference between plaintiff and his counsel the latter announced in open court that, owing to the peculiar financial situation in Houston, plaintiff could not comply with the judge's demand, and that he could give no assurance of the money being forthcoming; whereupon the judge instructed the jury to return a verdict for defendants, which the jury did. This action of the court is made the basis of appellant's first assignment of error.

The only question necessary for us to decide in disposing of this appeal is whether the action of the court in instructing a verdict for defendant was proper under the circumstances stated. A decision of this question necessarily involves the inquiry, whether the tender of performance by plaintiff in his pleadings without the payment of the agreed purchase price into court was sufficient to entitle the case to go to the jury. Whatever may be the rule in other jurisdictions, it seems to be settled by decisions of the courts of this State that in cases to enforce specific performance of contracts to convey lands no actual tender of the agreed consideration need be made and no tender other than an offer in the pleadings is necessary to entitle the case to go to the jury on the facts. The plaintiff having pleaded tender of the purchase money and having offered evidence tending to prove a previous tender and offer to perform the contract according to its terms, it became the duty of the court to submit the case to the jury; and upon a finding by the jury of the facts favorable to the plaintiff the court should have granted him the relief prayed for, provided that within a reasonable time, to be fixed in the decree, he shall make payment of the amount due, and failing in this his right would cease. (Kalklosh v. Haney, 4 Texas Civ. App., 118; Spann v. Sterns, 18 Texas, 556; Ward v. Worsham, 78 Texas, 180; Gardner v. Rundell, 70 Texas, 457; Moore v. Brown, 46 Texas Civ. App., 523.) It follows, therefore, that the court erred in refusing to submit the case to the jury under the circumstances and instructing a verdict for the defendants. And it would seem a harsh exercise of the court's discretion, in case of the determination by the jury of the facts favorable to a recovery by plaintiff, to require an immediate payment of the purchase money, but the court should fix a reasonable time, in view of existing conditions, within which the plaintiff is required to comply with the decree. For the error indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*