## STONEWALL v. McGOWN. (No. 6576.)

(Court of Civil Appeals of Texas. San Antonio. May 18, 1921. Rehearing Denied June 8, 1921.)

I. Escrows &#x26be;I—Defined and held to have no application to money placed with another to be applied as directed by owner.

An escrow is a written instrument importing a legal obligation which is deposited by grantor, promisor, obligor, or his agent with a stranger or third party to be kept by the depositary until the performance of a condition or happening of a certain event, and then to be delivered over to the grantee, promisee, or obligee, and has no application to money placed in the hands of another to be applied as directed by the owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Escrow.]

2. Damages &#x26be;65 — Action construed as one for misappropriation of funds in which plaintiff was estopped to claim more than damage actually suffered.

In an action by the owner of money placed in the hands of the defendant receiver with instructions as to its application, *held*, that the action was for a misappropriation of funds, and that the plaintiff could not recover for the reason that the money had been paid as directed by him in releasing liens upon his land, so that he was estopped by equity and good conscience from recovering more than the damages actually suffered, namely, the unexpended balance left after discharging the liens.

Appeal from Bexar County Court; John H. Clark, Judge.

Suit by Gust Stonewall against Floyd McGown, receiver of the Cross S. Farming Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Keller, Russell & Woodhull, of San Antonio, for appellant.

F. C. Davis, of San Antonio, for appellee.

FLY, C. J. This is a suit for $620.62, left by appellant, through his agent, M. L. Harkey, with appellee, for certain purposes, and which it is alleged had been misappropriated by appellee. The suit is based on the following instrument in writing:

"San Antonio, Tex., Jan. 3, 1917.

"Received of M. L. Harkey six hundred twenty and $62/100$ dollars, to be applied on liens against farms 57, 58, 59, 60 in section 165 of the Cross S. ranch in Dimmit county, Texas. It is agreed and understood that this money is to be held in escrow until releases are obtained from the Pratt & Hays lien, Cross S. Farming Co. V. L. lien, and the Bankers' Trust Co. V. L. lien, and a guaranty policy on these farms from Stewart Title Guaranty Co., if same can be obtained at $10.00; otherwise Mr. Harkey will pay difference.

"[Signed] Floyd McGown,
"Receiver Cross S. Farming Company."

The cause was tried by the county judge, and judgment rendered in favor of appellant for $10 and all costs.

[1] An escrow is a written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promisor, or obligor, or his agent, with a stranger or third party, to be kept by the depository until the performance of a condition or the happening of a certain event, and then to

---

&#x26be;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be delivered over to the grantee, promisee, or obligee. 10 R. C. L. § 2, p. 621. Being derived from a French word meaning a bond or writing, and so always used in English, it could have no application to money placed in the hands of another to be applied as directed by the owner.

[2] The facts merely tend to show a misappropriation of funds deposited for a certain purpose. The instructions were in effect, as evidenced by the receipt, that appellee should use the money in paying off certain indebtedness and in paying for a guaranty of title from a certain company. It may be that appellant may have intended that the money should be used in obtaining the releases and getting a guaranty of title, and if each and all could not be obtained then to be returned to the depositor, but it is not apparent how the guaranty of title could have been procured without first paying off the liens. Even though such was the intention of appellant, he is in no position to recover the money, for the reason that the liens on his land have been paid off, and the testimony shows that he has a good marketable title to the land. It would be unconscionable to permit him to have his debts paid, his title to the land perfected, and then recover all the money that was paid out by appellee on the land. Equity and good conscience would estop him from a recovery of more than the damages suffered by him, and under the facts of the case such damages could not have been more than the $10 in appellee's hands after discharging the liens.

Appellant does not claim that all the liens were not paid off, nor that his title to the land is defective, nor does he offer to do equity in regard to the matter. He wants to keep his land, and recover the purchase money paid out by him to obtain title to the land. This will not be permitted.

The judgment is affirmed.