167 So. 321

### UNION CENTRAL LIFE INS. CO. v. GUFFIN.

### 6 Div. 911.

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936.

Carl G. Moebes and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellant.

Mullins & Deramus, of Birmingham, for appellee.

BROWN, Justice.

Regardless of the effect of the agreement of the parties to plead in short upon the defense the subject-matter of plea 7, we are of the opinion that the demurrer did not point out the defects in the plea now urged for reversal of the judgment. "No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not *distinctly stated* in the demurrer." (Italics supplied.) Code, § 9479.

The first objection urged to the plea is thus stated by appellant: "We submit that even though it be conceded that the defendant in this plea sufficiently averred all of the material facts, *he has not set up in this plea a breach of the contract by the appellant so material and of such importance as would give him the right to rescind the contract and be relieved of the payment of the purchase price.*" (Italics supplied.)

■ The grounds of demurrer relied upon as pointing out such defect are: "14. For aught that appears the alleged breach by plaintiff of said written contract was not a material breach. * * * 28. For aught that appears the defendant was not entitled to rescind said written contract." And "8. Said plea does not state facts sufficient to entitle defendant to the relief sought." The two last mentioned, 28 and 8, are too general and may be dismissed without further consideration, and if a breach of the stipulation to make repairs to the value of $250, which enters into and is a part of the consideration of a contract, was a material breach, then ground 14 was not sufficiently specific, and the court will not be held in error for overruling it. That it was a material breach we think cannot be questioned.

■ The next objection to the plea is that the averment therein that plaintiff "has wholly failed or refused to make such repairs on demand being made of it by the defendant to do so" does not show that such demand was made. We are of the opinion that this contention is hypercritical and without merit. The same is true as to the averment that defendant rescinded the contract on plaintiff's breach of the condition of the contract to repair.

The plea clearly shows the nature of the contract—an executory contract to sell and convey—and it does not appear from any of the averments of the plea that there was anything for defendant to do to put plaintiff in statu quo. Moreover, this point is not taken by any of the grounds of demurrer.

■ "Under these requirements [of section 9479, Code], this court, as is familiar, has long maintained and enforced the practice whereby a very strict observance of the rule of the statute has been consistently required." Deslandes v. Scales et al., 187 Ala. 25, 65 So. 393, 394; Southern Indemnity Ass'n v. Hoffman, 16 Ala.App. 274, 77 So. 424.

The ruling of the court on the demurrers to plea 7, for the reasons stated, was free from error.

The appellant next insists that it was entitled to the affirmative charge, as to pleas 3, 4, and 7, and as to the whole case. Pleas 3 and 4 are pleas of recoupment or counterclaim in the form of the common counts. Plea 7 is a plea of rescission, claiming the recovery of the sum paid by the defendant to plaintiff under the executory contract rescinded.

The evidence shows that the transaction between the plaintiff and the defendant was handled by W. B. Leedy & Co., Inc., for the plaintiff; that said Leedy & Co. was plaintiff's general agent and the person acting for and in behalf of said company, and the plaintiff in dealing with the defendant in respect to the making of the contract of conditional sale of the house and lot was Hamilton Perkins, who occupied the house at the time as his residence, under a lease made with the plaintiff; that said lease was retained by the plaintiff after the contract was entered into, and was in the possession of the plaintiff's general agent, W. B. Leedy & Co., at the time of the trial.

The defendant purchased the property as a home, agreeing to pay the sum of $4,750 therefor, $250 of which was paid in cash, and the balance evidenced by his note for $4,500, payable in monthly installments of $33.75, and written into the face of the contract as a part of the description of the property, the subject of the purchase, thus: "The N. 50 feet of Lots 1 and 2, in Block 14, Birmingham-Ensley Land and Improvement Survey, and further described as No. 3402 Avenue 'Q', Ensley; and the N. 50 Ft. of the E. 40 Ft. of Lot 3. This sale is made subject to statutory rights of redemption existing by reason of foreclosure. Taxes and insurance are to be prorated as of July 1, 1933. Seller agrees to pay outstanding municipal assessments. *Seller agrees to make repairs to the house in an amount not to exceed the sum of Two Hundred Fifty and No/100 ($250.00) Dollars,* together with all the appurtenances thereof but subject to all highways, rights of way, easements or reservations of every nature, and all restrictions shown by deeds or other instruments of record affecting said title." (Italics supplied.)

The contract not only expressly retained the title in the plaintiff, but retained the title to the existing lease on the premises.

The evidence offered by the defendant goes to show that said Perkins paid no rent to him; that he made repeated demands on the said Leedy & Co. for possession, and for said repairs; that said Perkins remained in possession and no effort was made to perform the stipulation to make said repairs.

This testimony, if believed, shows that the very object of the contract—the conferring on the defendant the right to the use and occupation of the property as a place of residence—was defeated. The obligation to repair was a part of the consideration for the obligation to pay.

The question of whether a given breach is so material or essential as to authorize the other party to a contract to repudiate it is one of fact. McAllister-Coman Co. v. Matthews et al., 167 Ala. 361, 52 So. 416, 140 Am.St.Rep. 43; 6 R. C.L. page 926, § 311.

Under the evidence and its tendencies, the question was one for jury decision, and the affirmative charge was refused without error.

The foregoing is sufficient to indicate that charges 10 and 13, refused to plaintiff, were refused without error.

"The evidence has been duly considered, and it has been found that there was evidence which, if believed, authorized the verdict rendered, and we do not feel, in view of all the facts, authorized to reverse the judgment of the trial court in refusing a new trial." Southern Railway Co. v. Kirsch, 150 Ala. 659, 661, 43 So. 796, 797.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.