39 So.2d 220

### PIERCE v. WATSON et al.
### 6 Div. 820.

Supreme Court of Alabama.
Feb. 24, 1949.

J. Kirkman Jackson and Jackson, Rives & Pettus, all of Birmingham, for appellees.

A. W. Jones and Pritchard & McCall, all of Birmingham, for appellant.

SIMPSON, Justice.

Pierce, the defendant in the lower court, brings this appeal from a decree overruling his demurrer to the bill filed by appellees, Watson and Berkshire Corporation, to require him to perform his written contract whereby he agreed with appellee Watson to sell and convey to a corporation to be formed (now appellee corporation) an apartment building and lot which Pierce owned in Birmingham, Alabama.

The contract stipulated for a cash sale and acknowledged receipt by Pierce of $1,000 as earnest money, to be forfeited as liquidated damages in case of breach of the contract by the purchaser. As a part of the plan to raise the cash money for the purchase, the contract provided for a mortgage by the to-be-formed corporation on the property and the accomplishment of the purchase was conditioned upon the procurement of this mortgage. Following is the pertinent provision of the contract, to wit: "This offer subject to purchaser being able to place a first mortgage on subject property for a minimum of $50,000.00 said mortgage to bear interest at not to exceed 4½% and to be payable over a term of not less than 15 years. Said mortgage to be executed by a Corporation to be formed and to contain a prepayment clause permitting additional payments on principal up to 20% of original mortgage in any one year with full prepayment privilege after five years. Purchaser agrees to place this mortgage through W. B. Phillips & Co. on terms stated herein. Any expense incurred in paying off present mortgage to be borne by Seller."

All of the terms of the contract were fully met, except the purchaser could not place the mortgage through W. B. Phillips & Co. Arrangements, however, were made elsewhere for placing the mortgage and raising the money and appellees demanded performance by appellant, which was refused. The averments of the bill show that the corporation was duly formed as provided by the contract, that the cash sum stipulated for the purchase price of the property is in hand, and the plaintiffs are ready, willing, and able to pay the amount of the sale price for the property and they offer to do equity in the premises.

" * * * As a general rule it may be said that when the party seeking specific performance of a contract establishes the existence of a valid binding contract which is definite and certain in its terms and contains the requisite of mutuality of obligation and is one which is free from unfairness, fraud, or overreaching, and enforceable without injustice upon the party against whom enforcement is sought, the court will, when the remedy at law for the breach of such contract is inadequate and the enforcement of specific performance will not be inequitable, oppressive, or unconscionable, or result in undue hardship, grant a decree of specific performance as a matter of course or right. * * *" 49 Am.Jur. 17, § 9.

The demurrer which was overruled by the court challenges the equity of the bill on the ground that the purchaser, in violation of his agreement, did not "place this mortgage through W. B. Phillips & Co." Although Phillips would not furnish the money, the contention of appellant—and raised by the demurrer—seems to be that because the appellees are unable to perform and cannot be compelled to perform the contract (presumably because the mortgage could not be placed with Phillips) specific performance is not available to them, citing Melton v. Stuart, 213 Ala. 574, 105 So. 659; Rushton v. McKee & Co., 201 Ala. 49, 77 So. 343; Tombigbee Valley R. Co. v. Fairford Lumber Co., 155 Ala. 575, 47 So. 88; Chadwick v. Chadwick, 121 Ala. 580, 25 So. 631. He in effect seeks to invoke the doctrine of mutuality of remedy, conceiving that the granting or refusing of the decree will be determined upon whether the remedy is mutually available to both parties. This is a misapplication of the principle enunciated in the cited cases. The rule is not so broad. "It is now the generally accepted rule of both courts and text writers that in the absence of any statutory limitation, specific performance of a contract at the instance of one party will not be denied merely because of the fact that remedy by way of specific performance is not available to the party against whom the enforcement of the contract is sought." 49 Am. Jur., Specific Performance, p. 50, § 36.

True, the courts have asserted that specific performance will be denied where there is want of mutuality. Melton v. Stuart, supra, and other Alabama cases above cited. But, as pointed out in 58 C.J. 865, § 18, "the vagueness, obscurity, and artificiality of the rule has been commented upon. Much of the difficulty in which the subject has been involved has arisen from the habit of the courts in using the phrase

'lack of mutuality' loosely to indicate a wide range of defects."

And our court, though committed to the proposition that for the remedy to be available to one contracting party, his position must be such that he himself is capable of performing and can be compelled to perform the contract, Melton v. Stuart, supra, as to the mutuality of remedy, we hold that it need only exist at the time of the rendition of the decree. Blackburn v. McLaughlin, 202 Ala. 434, 436, 80 So. 818.

In line with such principle this court, in General Securities Corporation v. Welton, 223 Ala. 299, 135 So. 329, said: "* * * All that this doctrine (of mutuality of equitable remedy) requires is that the situation of the parties be such that the court, in decreeing specific performance by the respondent, will have the physical power and ability to compel the complainant to perform his obligation and not be involved in complicated or extended business affairs or operations. * * *" 223 Ala. at page 305, 135 So. at page 334.

We think it may be said as a general proposition that the rule of mutuality is satisfied if the decree of specific performance operates effectively against both parties and gives each the benefit of a mutual obligation.

58 Corpus Juris, supra, pp. 867-8, § 20, thus illustrates the limits and extent of the rule: "What equity exacts to-day as a condition of relief is the assurance that the decree, if rendered, will operate without injustice or oppression either to plaintiff or defendant, all that is required by the mutuality rule being that at the time of the decree defendant be given or assured performance by plaintiff * * *"

See also 49 Am.Jur. 49, § 35.

The trend of our own decisions is of like import. As observed, it is sufficient if mutuality of remedy is available at the time of the decree. "Mutuality of remedy need not have existed prior to the decree." Melton v. Stuart, supra, 213 Ala. at page 576, 105 So. at page 660; Blackburn v. McLaughlin, supra. And, though

in the beginning the contract may be unilateral and there then may be no mutuality of remedy, as is the case here, the subsequent act of the unbound party in coming into equity for specific performance makes the contract as to obligation and remedy mutual. As covering this aspect of the rule, the Blackburn case, supra, adopts the language of the New Jersey case of Richards v. Green, 23 N.J.Eq. 536, where it was said: "* * * when such contracts come to be enforced in equity, they cease to be unilateral, for, upon filing the bill, the party who was before unbound puts himself under all the obligations of the contract. By his own act he makes the contract mutual, and the other party is enabled to enforce it. * * * a mutual remedy existed upon it at the time of the rendering of the decree. * * *" [202 Ala. 434, 80 So. 820] See also Brown v. Munger, 42 Minn. 482, 44 N.W. 519, cited to the same effect in the Blackburn case.

So, the position of the appellees in the beginning might not have been such as to have compelled them to perform the contract because of its unilateral character, they, by the filing of the bill, put themselves "under all the obligations of the contract" and the remedy will be equally available on final decree against them as against the defendant.

Some argument is made of a possible advantage to the appellant in placing the mortgage with Phillips and a disadvantage or money loss if not so placed, because of the clause that "any expense incurred in paying off the present mortgage [held by Phillips] to be borne by Seller." It would seem from the four corners of the contract that the paramount obligation of the respective parties was payment in cash and delivery of title to the property. The method of financing appears to have been incidental and not of the essence of the contract to convey, McCarty v. Harris, 216 Ala. 265, 113 So. 233, and, if so, such method of financing with provable damages which might result to the vendor would be a matter for proper cognizance and adjustment of equities on a hearing on the merits upon answer and proof, but it is not such a matter as will defeat the eq-

uity of the bill praying specific performance.

We think the demurrer was properly overruled.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.