Harry COWMAN, Jr., et al., Appellants,

v.

**ALLEN MONUMENTS, INCORPORATED,**
Appellee.

No. 8155.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 25, 1973.

Rehearing Denied Oct. 23, 1973.

James H. Verschoyle, Atlanta, Wm. V. Brown, Brown & Brown, Texarkana, for appellants.

Charles M. Bleil, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

CORNELIUS, Justice.

This is a suit for specific performance of a contract to sell real estate. The suit was filed by the purchaser, Allen Monuments, Inc., against the sellers, Harry Cowman, Jr., and wife, Marjorie Cowman. The trial court entered judgment in favor of the purchaser for specific performance of the contract and the sellers have appealed.

The contract was executed on July 15, 1971. It covered three acres of land in Bowie County, Texas. It is styled, "Earnest Money Contract." It provides that

the sellers agree to sell and the buyer agrees to buy the property described therein for the price and upon the terms set out. It further provides that the total sales price is ". . . . $12,500.00; payable as follows: $12,500.00 cash, of which buyer agrees to forthwith deposit with the State First National Bank of Texarkana, Arkansas, Escrow Agent, the sum of $1500.00 as earnest money, to bind this sale . . ."

The evidence showed that when the contract was signed in the office of Mr. Norman Russell, buyer's attorney, Mr. Allen for the buyer, made out a check in the sum of $1,500.00 payable to the sellers. The check and the contract of sale were subsequently placed in an envelope on which there was written "Only to be opened by Norman Russell, Allen Monument Contract," and delivered to the named bank. Upon examination of the abstract, several objections to the title were made by buyer's attorney. Sellers were obligated by the contract to satisfy these, but upon demand, failed to do so. On February 26, 1972, buyer notified sellers that it would accept the title and would waive the curing of the title defects. Sellers, however, refused to convey the land to buyer and this suit was filed. The sellers defended on the grounds that the earnest money deposit was not made as required by the contract, and that consequently, the contract never came into existence as a valid contract; or that buyer, having breached the contract itself, was not entitled to specific performance of it.

A jury was empaneled to try the case but during the trial the trial court concluded that there was no fact issue but only questions of law involved, and withdrew the case from the jury. Neither party objected to this action.

The court in its findings of fact and conclusions of law found, among other things, that the check for the earnest money remained in the custody of the State First National Bank from the time it was delivered there, without being cashed and buyer could have stopped payment on such check at any time; that buyer has been ready to fulfill its obligations under the contract at all times since July 15, 1971 and was ready, willing and able to fulfill its obligation of payment of the full consideration, and that prior to filing suit the buyer offered full payment to the sellers and demanded performance; that the essence of the contract was the agreement of the parties to sell and buy the property for $12,500.00; that the manner of making the earnest money deposit was not in compliance with the terms of the contract and was a breach; that such breach was not a material breach of the contract such as would avoid same; and that the buyer is entitled to specific performance conditioned upon its waiver of the title defects pointed out previously.

In this appeal the sellers present two points of error which contend that the trial court erred, (1) in holding that the breach of the specific terms of the earnest money provision was not a material breach of the contract, and (2) in enforcing the contract, because it had never become a binding agreement.

Although there is considerable discussion of escrow contracts in the briefs, the agreement involved here is not an escrow contract. The term "escrow" originally applied to writings, and technically it refers to an agreement where written instruments are delivered to a third party to be held by it for delivery to other parties upon the occurrence of a contingency. 30A C.J.S. Escrows § 1, p. 966, § 3, p. 971; Stonewall v. McGown, 231 S.W. 850 (Tex.Civ.App. San Antonio 1921, no writ). In modern practice the term "escrow" has been corrupted to also include money put into the hands of a stakeholder to be used as forfeit money or liquidated damages, but in reality such a deposit which is paid to bind a sale is "earnest money" and is not an "escrow." 28 C.J.S. p. 614; McGuire v. Andre, 259 Ala. 109, 65 So.2d 185 (1953). Earnest money was originally used to bind sales of personalty and to make such sales enforceable under the statute of frauds. 37 C.J.S. Frauds, Statute of, § 162, p. 643. It later came to be

used as a type of down payment to bind a sale of real property. Unlike a true escrow, earnest money is frequently paid to the seller instead of to a third party, because it is actually a part of the purchase price, as a down payment. Scott v. Mundy & Scott, 193 Iowa 1360, 188 N.W. 972 (1922). In this case, however, the contract provided that the earnest money deposit was to be delivered to the bank as "escrow agent." Therefore, what the contract provided for here was not a true escrow, but an earnest money payment which was to be held by a disinterested party who was simply designated "escrow agent." Since this was simply a contract to sell real estate which required an earnest money payment and was not an escrow agreement, the law of contracts and the equitable principles of specific performance control this case, rather than the law of escrows.

■ Specific performance of a contract to sell real estate will not be decreed if the plaintiff seeking specific performance has himself committed a *material breach* of the contract. Restatement of Contracts, sec. 375(1); Farris v. Bennett's Executors, 26 Tex. 568; Pierce v. Watson, 252 Ala. 15, 39 So.2d 220 (1949); 52 Tex.Jur.2d p. 599, sec. 60. The trial court here found that the act of placing a check for $1500.00 payable to sellers in an envelope left with the designated bank, rather than depositing the cash with the bank, was a breach of the contract, but it also concluded that it was not a material breach.

■ Whether or not a breach of contract is so material as to authorize the other party to repudiate the contract is a question of fact to be determined by the trier of fact. 17 Am.Jur.2d, sec. 356, p. 798; Union Central Life Ins. Co. v. Guffin, 232 Ala. 254, 167 So. 321 (1936); Nelson v. Chicago Mill & Lumber Corp. et al., 76 F.2d 17, 100 A.L.R. 87 (8th Circuit Ct. App.); 17A C.J.S. Contracts § 630, p. 1268, and cases there cited; Division of Labor Law Enforcement v. Ryan Aeronautical Co., 106 Cal.App.2d Supp. 833, 236 P. 2d 236 (1951). Since the sellers here did not object to the court's withdrawal of the case from the jury, they waived a jury trial of the fact issues and agreed that the facts and the law would be determined by the trial court. When trial is to the court sitting without a jury, the trial court's findings of fact must be sustained if there is any evidence of probative force to support them. Although the court called its determination of the question of material breach a conclusion of law, it will be given effect as a finding of fact. Durham v. Fort Worth Tent & Awning Co., 271 S. W.2d 181 (Tex.Civ.App. Forth Worth 1954, dism'd); Maupin Construction Co. v. Shields, 426 S.W.2d 663 (Tex.Civ.App. Waco 1968, no writ); Shirey v. Albright, 404 S.W.2d 152 (Tex.Civ.App. Corpus Christi 1966, ref'd N.R.E.).

■ Circumstances which are properly considered in determining whether a breach is so material as to prevent specific performance are stated in the Restatement of Contracts, sec. 275:

"(a) The extent to which the injured party will obtain the substantial benefit which he could have reasonably anticipated;

(b) The extent to which the injured party may be adequately compensated in damages for lack of complete performance;

(c) The extent to which the party failing to perform has already partly performed or made preparations for performance;

(d) The greater or less hardship on the party failing to perform in terminating the contract;

(e) The willful, negligent or innocent behavior of the party failing to perform;

(f) The greater or less uncertainty that the party failing to perform will perform the remainder of the contract."

The evidence in this case is meager, but considering the record as a whole, and especially since the check for the earnest

money was made when the contract was executed, and in the presence of the sellers, and there was no evidence of any complaint as to the irregularity until demand for specific performance was made, the trial court was justified in concluding from all the evidence that the failure to literally comply with the manner of making the earnest money deposit was not considered by the parties as a substantial departure from the terms of the contract and was not a material breach of its terms. The sellers testified that they did not know that cash had not been deposited and that they would not have been satisfied with the deposit of the check, but the trial court was not bound to accept this testimony, as it was from interested parties.

■ Sellers' contention that the contract never became a binding contract because the earnest money deposit was not made as required, fails for the same reasons. If the failure to comply literally with the directions for the earnest money payment was not a material departure from the terms of the contract, it was a substantial compliance therewith and would not invalidate the contract or prevent it from becoming a legally enforceable contract.

■ Sellers also assert that buyer did not make a legal tender of performance and was therefore not entitled to specific performance of the contract. The authorities cited to support this assertion deal with the type of tender required to extinguish a debt and they have no application to a demand for specific performance of a contract to sell realty. In such a case it is only necessary that the buyer plead and prove that he is ready, willing and able to pay the consideration and perform the essence of the agreement and offer to do so, as was done here. Kalklosh v. Haney, 4 Tex.Civ.App. 118, 23 S.W. 420 (1893); Fordtran v. Dunovant, 54 Tex.Civ.App. 564, 118 S.W. 768 (1909); Grossman v. Liedeker, 202 S.W.2d 267 (Tex.Civ.App. San Antonio 1947, Rev. other grnds. 146 Tex. 308, 206 S.W.2d 232); Burford v.

Pounders, 145 Tex. 460, 199 S.W.2d 141 (1947); 52 Tex.Jur.2d p. 589, p. 590, secs. 52 and 53. The decree may then enforce the performance. Kalklosh v. Haney, supra; Fordtran v. Dunovant, supra.

Our disposition of this case makes it unnecessary to discuss buyer's crosspoint.

Sellers' points of error are respectfully overruled and the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

■ In their motion for rehearing sellers strenuously contend that, as the earnest money was not paid in cash or delivered into their exclusive control, there was never a binding contract because "no consideration passed." There is a difference, however, between the consideration of the sale (sales price of the land) and the consideration for the contract. It is not necessary that the sales price or any part of it be paid at the time the contract of sale is executed, in order for the contract to be binding and to be supported by consideration. The mutual promises—one by the seller to sell and one by the buyer to buy and pay for the land—are sufficient consideration to make the contract binding. 17 C.J.S. Contracts § 97, p. 781; 91 C.J.S. Vendor and Purchaser § 46, p. 896, and cases there cited. As stated by the Supreme Court of Missouri in Ragan v. Schreffler, 306 S.W. 2d 494 (1957);

"... The contention that the .... agreement ... and the contract ... were not supported by any consideration actually paid by plaintiffs at the time the ... instruments were completed, are ruled adversely to defendants-appellants. It is the recognized general rule that a promise by one party to a contract is a sufficient consideration for a promise by the other party. If, therefore, there is a promise on the part of a purchaser to buy and pay the purchase price, this itself is a sufficient consideration for the promise of a vendor to sell and convey."

The contention raised by sellers on this point was urged and rejected in the case of Craigmile v. Sorenson, 239 Minn. 383, 58 N.W.2d 865, where the Supreme Court of Minnesota said:

"The consideration essential to the validity of an agreement for the purchase or sale of land need not be paid at the time of making the agreement. The agreement of the vendee to pay in the future is sufficient consideration for the promise of the vendor to convey."

It is only when the provision for a down payment or an earnest money deposit is so material to the complete agreement that it constitutes a condition precedent, that the failure to comply therewith will prevent the agreement from ever becoming a binding contract.

The consideration for the contract here was not the earnest money payment. The contract was a bilateral contract, the consideration for such being the mutual promises of the parties, one to sell and the other to buy the property. The motion for rehearing is respectfully overruled.