**Paul E. SMITH et ux., Appellants,**

v.

**Glen D. NASH et ux., Appellees.**

No. 8596.

Court of Civil Appeals of Texas, Texarkana.

Aug. 29, 1978.

Rehearing Denied Oct. 10, 1978.

Hardy Moore, Moore & Lipscomb, Paris, for appellants.

J. D. McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellees.

CORNELIUS, Chief Justice.

Mr. and Mrs. Paul E. Smith appeal from a district court judgment denying their plea for specific enforcement of a contract for the sale of real estate. The contract was between Mr. and Mrs. Glen Nash as sellers and the Smiths as buyers, and provided for the sale of a house and lot in Paris, Texas, for a consideration of $12,500.00, $1,000.00 of which was to be paid at the execution of the contract and the balance to be paid in cash at closing. No date for the closing of the transaction, or for the expiration of the contract in the absence of a closing, was provided. The contract contained the following stipulation:

"This contract is made and entered into subject to the purchaser securing a 75% conventional loan in the amount of at least $10,000.00 amortized over 10/15 years at 9% interest rate."

Mr. Smith was unable to secure a loan for $10,000.00, but he did secure a commitment for a $9,000.00 loan. Some two months after the contract was executed, he made arrangements to secure the balance of the purchase price and, advising Mr. Nash that he desired to complete the sale regardless of the loan amount, demanded a conveyance. Mr. Nash refused, stating that when it became clear that the $10,000.00 loan was not available he assumed that Smith was relieved from the contract, whereupon he began looking for another buyer and had already arranged for another sale for the greater price of $15,000.00 by the time Smith demanded performance. Nash took the position that Smith had abandoned the contract, and that he only tried to enforce it after he discovered that Nash had arranged a sale for a higher price. Nash admitted in his testimony, however, that in his discussions with Smith, Smith did not agree to release the contract, but wanted him to "hold it" while Smith kept on shopping for loans.

Trial was to the court without a jury, and findings of fact and conclusions of law were neither requested nor filed. See Tex.R. Civ.P. 296. In those circumstances we must affirm the trial court's judgment if it can be sustained upon any lawful theory supported by the pleadings and the evidence.

Although they pleaded only lack of mutuality, oral rescission and lack of tender as defenses in the district court, Mr. and Mrs. Nash contend here that the contract of sale was unenforceable for the following reasons: its land description is uncertain, it is lacking in mutuality, it was voluntarily rescinded or abandoned by the Smiths, and the Smiths failed to make a tender of performance as is required to enforce specific performance. We have concluded that the district court's judgment cannot be sustained on any of those theories.

## I

 The property description is adequate. For a contract of sale to meet the requirements of our statute of frauds,[1] it must, insofar as the property description is concerned, furnish within itself or by reference to other identified writings then in existence, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (1945); *Ogilvie v. Hill*, 563 S.W.2d 846 (Tex.Civ. App. Texarkana 1978, writ ref'd n. r. e.); 5 F. Lange, Texas Land Titles, Sec. 762, p. 154 (1961); 26 Tex.Jur.2d, Frauds, Statutes of, Sec. 95, p. 252. The description in the contract involved here was:

"Lying and situated in the Texas and Pacific Addn. as Lot 1, Block 160, otherwise known as 308 E Washington, Paris, Texas."

A description of platted city property by lot, block, addition and city is sufficient. *Loring v. Peacock*, 236 S.W.2d 876 (Tex.Civ. App. Fort Worth 1951, no writ). See *Arambula v. Sullivan*, 80 Tex. 615, 16 S.W. 436 (1891); and *Elliott v. Henck*, 223 S.W.2d 292 (Tex.Civ.App. Galveston 1949, writ ref'd n. r. e.).

## II

The assertion that the contract lacked mutuality is based upon three grounds: (1) the contract's provision that it was conditioned upon Smith securing a $10,000.00 loan, rendered the contract not subject to specific performance by Nash at its inception and therefore destroyed the requisite mutuality; (2) the contract contains no time for performance; and (3) the contract was conditioned upon the delivery of certain personal property, some of which was missing when Smith demanded a conveyance.

 As a general rule, specific performance of a contract will be granted only in cases where there is a mutuality of remedy. 52 Tex.Jur.2d, Specific Performance, Sec. 44, p. 572. But it is not essential that mutuality of remedy exist at the time the contract is executed, it being sufficient if such mutuality exists at the time the suit is filed. *Adams v. Abbott*, 151 Tex. 601, 254 S.W.2d 78 (1952); *Langley v. Norris*, 141 Tex. 405, 173 S.W.2d 454 (1943); *Nelson v. Jenkins*, 214 S.W.2d 140 (Tex.Civ.App. El Paso 1948, writ ref'd); 52 Tex.Jur.2d, Specific Performance, Sec. 46, p. 576; 65 A.L.R. 52 (1930). A contract unconditional as to one party but conditional as to the other party is valid and enforceable upon either the occurrence or the waiver of the condition. *Northern Texas Realty & Construction Co. v. Lary*, 136 S.W. 843 (Tex.Civ.App. 1911, writ ref'd); *Nelson v. Jenkins*, supra; 52 Tex.Jur.2d, Specific Performance, Sec. 48, pp. 581, 582. More specifically, a contract for the sale of land which is unconditional on the part of the seller, but is conditional on the part of the buyer, may be specifically enforced when the buyer elects to waive the condition and purchase the property in accordance with the contract. *Langley v. Norris*, supra; *Northern Texas Realty & Construction Co. v. Lary*, supra; 52 Tex.Jur.2d, Specific Performance, Sec. 46, pp. 576, 577. The provision in question here, conditioning the sale upon the availability of a $10,000.00 loan, was placed in the contract for the benefit of the purchasers. The sellers cannot take advantage of that condition to defeat the sale if the purchasers elect to waive it and proceed with their purchase according to the other terms of the agreement. Compare *Leonard v. King*, 63 Tex.Civ.App. 224, 135 S.W. 742 (1910, no writ).

 The absence of a time for performance, or a time for termination of the contract for lack of performance, did not render the contract unenforceable. In the absence of a provision for time of performance, the law implies that a reasonable time was intended. *Moore v. Dilworth*, 142 Tex. 538, 179 S.W.2d 940 (1944); *Hart v. Bullion*, 48 Tex. 278 (1877); *Cheek v. Metzer*, 116 Tex. 356, 291 S.W. 860 (1927); 52 Tex. Jur.2d, Specific Performance, Sec. 49, p. 582. And in a contract where time is not of the essence, so long as neither party has

1. Tex.Bus. & Comm.Code Ann. Sec. 26.01.

taken steps to demand a completion—that is, so long as the vendor has made no tender or offer of a deed, or demand upon the vendee, and the vendee has made no tender of the price, or demand upon the vendor—and absent a rescission or abandonment of the contract, it remains binding until its enforcement is barred by the statute of limitations. *Riley v. McNamara,* 83 Tex. 11, 18 S.W. 141 (1892); *Helsley v. Anderson,* 519 S.W.2d 130 (Tex.Civ.App. Dallas 1975, no writ); *Upton v. Maurice,* 34 S.W. 642 (Tex.Civ.App. 1896, no writ); 52 Tex.Jur.2d, Specific Performance, Sec. 49, p. 583. It is uncontroverted in this record that no demand or tender of performance was made by either party prior to Smith's demand which precipitated the suit. There is no evidence of a rescission. And Mr. Nash's own testimony reveals that, rather than abandoning the contract, Mr. Smith urged him not to seek another buyer but to hold the contract until he could complete the necessary arrangements to close the sale. Under the circumstances, a conclusion that the contract had been rescinded or abandoned would not be justified. If there is any evidence to support such a conclusion, we find it against the great weight and preponderance of the evidence.

■ Neither did the provision concerning the personal property destroy the contract's mutuality. That provision being for the buyers' benefit, they could waive it and proceed with the purchase even though some of the property was missing.

### III

Finally, it is urged in support of the judgment that the Smiths did not make proper tender of the purchase price as is required to specifically enforce a contract for the sale of real property. The testimony established that the Smiths, when they demanded completion of the contract, had made the necessary arrangements and were then in a position to pay Mr. and Mrs. Nash the $12,500.00 purchase price in cash, and offered to do so. In addition, their petition and their testimony at the trial asserted that they were ready, willing and able to acquire and pay for the property as agreed in the contract, and offered to do so.

■ In cases of this type it is not necessary that the buyer physically offer the seller the cash sales price. It is only necessary that the buyer plead and prove that he is ready, willing and able to pay the consideration and perform the essence of the agreement, and offer to do so as was done here. The decree may then enforce the performance. *Burford v. Pounders,* 145 Tex. 460, 199 S.W.2d 141 (1947); *Cowman v. Allen Monuments, Incorporated,* 500 S.W.2d 223 (Tex.Civ.App. Texarkana 1973, no writ); *Grossman v. Liedeker,* 202 S.W.2d 267 (Tex. Civ.App. San Antonio), rev'd on other grounds, 146 Tex. 308, 206 S.W.2d 232 (1947); *Fordtran v. Dunovant,* 54 Tex.Civ. App. 564, 118 S.W. 768 (1909, no writ); *Kalklosh v. Haney,* 4 Tex.Civ.App. 118, 23 S.W. 420 (1893, no writ); 52 Tex.Jur.2d, Specific Performance, Secs. 52 and 53, pp. 588–591.

The appellants' points of error are sustained.

The district court, concluding that the contract was unenforceable, did not determine the Smiths' claim for damages. For that reason, the judgment will be reversed and the cause remanded to that court for entry of a decree of specific performance as prayed for, and for trial on the merits of the issue of damages.