Milton Schwartz, Schwartz, Judice, Farrell, Laviage & Williams, Raymond W. King, Houston, for appellant.

M. Harris Greenwood, O. William Bussey, Jr., Greenwood, Koby, Symonds & Bussey, Houston, for appellees.

**Maybelle S. RENOUF, Appellant,**

v.

**Michael S. MARTINI et al., Appellees.**

**No. A1970.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 21, 1979.

PRESSLER, Justice.

This is an appeal from a summary judgment granted in favor of appellees, plaintiffs below, for specific performance of an earnest money contract entered into with appellant, defendant, below.

On or about April 10, 1976, appellant, as seller, and appellees, as purchasers, executed and entered into an earnest money contract (hereinafter sometimes referred to as the contract) for the sale and purchase of appellant's residence at a sales price of $49,900.00.

A provision (hereinafter referred to as the Financing Provision) in the earnest money contract stated as follow:

"Purchaser will make a good faith effort to secure a conventional loan in the amount of $44,900.00 for a period of 30 years, at the current rate of interest, plus mortgage insurance. If, after Purchaser has made a reasonable attempt, said loan

is not attained Purchaser's earnest money is to be returned."

The closing date in the contract was August 16, 1976. Although appellees were unable to obtain a conventional loan, by the first week of June, 1976, they did obtain a promise from Ms. Church's father to loan the purchase money. This fact was substantiated by Mr. Church's affidavit which was attached to appellees' Motion for Summary Judgment. Appellees then notified appellant verbally and by mail that financing had been obtained and that they were ready, willing and able to close and would pay the purchase price in cash. The appellant, in response, stated that she did not intend to close or to perform further contending that the contract was "null and void and of no force and effect."

After making demand on appellant, appellees filed suit for specific performance on July 16, 1976. Appellees also filed a lis pendens against the appellant's property. The appellant now contends that the contract is unenforceable and in violation of the Statute of Frauds. There is no merit to this contention. This contract meets the requirements of such statute in that it is in writing and signed by the person to be bound. Tex.Bus. & Comm.Code Ann. § 26.-01 (1968).

Appellant contends that the Financing Provision contained within the contract should be construed as a condition precedent to the closing. If such were correct, we would be compelled to hold for the appellant. However, the law is well established in Texas that such Financing Provisions in earnest money contracts are solely for the benefit of the purchasers. If, after reasonable attempts are made, the purchaser is unable to obtain the necessary loan, this provision allows the purchaser to recover his earnest money. The provision is not to be used by the seller for his own benefit if the purchaser can perform under the contract.

A recent case before the Texarkana Court of Civil Appeals dealt with this type of situation. *Smith v. Nash*, 571 S.W.2d 372 (Tex.Civ.App.—Texarkana 1978, no writ).

In such case, the Smiths, as purchasers, and the Nashes, as sellers, entered into an earnest money contract for the sale of real estate. This contract contained a Financing Provision which stated that it was subject to purchasers' obtaining a conventional loan. No deadline for performance was contained in this contract. The purchasers were initially unable to secure a loan for the entire purchase price, but later secured a commitment for the amount called for in the contract. When the sellers were informed that the conventional loan could not be obtained, they assumed that the purchasers were relieved from the contract and arranged for another sale to another purchaser. The Smiths then sued for specific performance.

In its holding, the Texarkana court stated that:

"The provision in question here, conditioning the sale upon the availability of a $10,000.00 loan, was placed in the contract for the benefit of the purchasers. The sellers cannot take advantage of that condition to defeat the sale if the purchasers elect to waive it and proceed with their purchase according to the other terms of the agreement." 571 S.W.2d 372 at 375.

The purchasers herein clearly waived the terms of the Financing Provision two months prior to the time of closing. Their actions were timely and within the terms of the contract. At all times thereafter they were ready, willing and able to perform under the contract. They are therefore entitled to specific performance under the terms of the contract.

The judgment of the trial court is affirmed.

Affirmed.